## ADDISON COUNTY,

### JANUARY TERM, 1836.

PRESENT, HON. CHARLES K. WILLIAMS, *Chief Justice.*
" STEPHEN ROYCE,
" SAMUEL S. PHELPS, } *Assistant Justices.*
" ISAAC F. REDFIELD,

WARREN H. WEBSTER *vs.* SEYMOUR and JOSLIN.

*A citizen of Vergennes liable to taxation by reason of his property does not acquire an exemption from taxation, or arrest for payment of taxes by enlisting into the army of the United States.*

ADDISON,
January,
1836.

This was an action of assault and false imprisonment.—Plea, general issue, with a justification of the assault and imprisonment. Replication—That at the time of the assault and imprisonment, the plaintiff was a soldier or artificer in the United States service, and that his body could not be arrested or imprisoned, on any debt or contract for a less sum than twenty dollars. The plaintiff offered evidence tending to prove that he was on the first day of March 1833, regularly enlisted as a private soldier into the army of the United States for the term of five years, and was faithfully doing his duty therein at the time of his arrest and imprisonment, and that the debt or contract then held by said Seymour against him, was less than twenty dollars, and that he continued in the service of the United States, until the 20th day of November 1835, when he was lawfully discharged therefrom, and showing the court the acts of Congress of the United States, by which it is enacted, that no non-commissioned officer, musician, or private, shall be arrested, or subject to arrest, or be taken in execution for any debt under twenty dollars contracted before enlistment, nor for any debt contracted after enlistment. The defendant Seymour offered evidence tending to show, that at the annual March meeting holden at Vergennes, on the last Tuesday in March 1833, he was duly

ADDISON,
January,
1836.

Webster
vs.
Seymour &
Joslin.

chosen surveyor of highways for the eastern district in said Vergennes, that on the first day of May A. D. 1833, a town tax was assessed on the polls and ratable estate of the inhabitants of said district made up in the grand list of said Vergennes for the year 1832, by the common council of the city of Vergennes, on which appears the name of Warren H. Webster, assessed in the sum of sixty-six cents, the said Webster being a citizen of Vergennes and subject to taxation there, which rate-bill was committed to said Seymour, to collect, and that afterwards in the month of July 1833, by virtue of a warrant annexed to said bill he committed the plaintiff to the jail in Vergennes for the non-payment of the tax. On the trial the court decided, that the acts of Congress aforesaid did not exempt any non-commissioned officer, artificer, private or musician in the army of the United States from arrest from any tax to be expended on the highways in this state, either over or under twenty dollars, when the same was made up on a list made by the proper authority before their enlistment, and the soldier being liable to taxation before enlistment, whether the tax was assessed before or after the said enlistment, that the words "debt or contracts" named in the said acts of Congress did not extend to taxes in this state : and directed a verdict to be entered for defendants.

To this opinion of the court the plaintiff excepted.

*E. D. Woodbridge for plaintiff.*—The point presented in this case is, whether a soldier in the army of the United States is liable to arrest and imprisonment by virtue of a warrant annexed to a rate or tax-bill under the sum of twenty dollars assessed and laid after his enlistment.

The plaintiff first, contends that there is no distinction in fact, between the meaning of the word execution as used in the acts of Congress and the word warrant as used in our statute to be annexed to tax-bills. The effect is the same. The execution commands the officer to take the goods, chattels, or lands of the debtor and for want thereof to take his body. Warrant annexed to a rate or tax-bill commands the same.

2. To take either the statute aforesaid or the definition of the word warrant (so for at least as those to be annexed to rate or tax-bills) and the word execution as given by Walker, they are literally the same, and by virtue of neither could the body of the plaintiff have been legally arrested or imprisoned.

3. The word *debt* and *tax* have in all particulars the same meaning. The word debt as defined by Walker means, that which one

ADDISON,
January,
1836.

Webstor
vs.
Seymour &
Joslin.

man owes to another, that which any one is obliged to do or suffer. And the word tax as defined by the same author means, an impost, a tribute imposed, an excise, a tallage, charge &c. Debt is nothing more than an obligation entered into by the party himself with some other individual, by which he contracts to do certain things, and on failure of performance he subjects himself, by due course of law to the penalty of imprisonment ; and tax is another word for the same thing—it is nothing more than a contract entered into by every individual on his becoming an inhabitant of any town or becoming a member of any society or corporation that he will pay his share of all taxes legally imposed by such town, society or corporation, and on failure thereof, that his property or body may be taken by due course of law in satisfaction of said tax. Therefore that a tax is nothing more or less in its nature than a debt or contract, is most certain.

*P. C. Tucker for defendants.*—Two points were decided by the court in this case.

1. That the acts of Congress do not exempt any non-commissioned officer, artificer, private or musician in the army of the United States from arrest for any tax to be expended on the highways in this state, either over or under twenty dollars, where the sum was made up on a list made by the proper authority before their enlistment, and when the soldier was liable to taxation before enlistment, whether the tax was assessed before or after said enlistment.

2. That the words debt or contract, as used in the acts of Congress did not extend to taxes in this state.

The laws of the United States provide that no non-commissioned officer, musician or private shall be arrested or subject to arrest, for, or to be taken in execution for any debt under the sum of twenty dollars, contracted before enlistment, nor for any debt contracted after enlistment.

These clauses are not to be construed without any exceptions. Strictly speaking, every thing which one person owes to another is a debt, and even a trespass might be called so ; because when the aggressor has been sued at law and a judgment has passed against him, that judgment would be "a debt." Would the soldier, then, be, by such a construction, exempt from the consequences of a trespass ? We apprehend not. And although there is no decision upon the subject reported, we understand it has been so hol-

18

Addison,
January,
1886.

Webster
vs.
Seymour &
Joslin.

den at the county court in Chittenden county, while a judge of the supreme court presided.

The general object of the statutes of the United States on this subject appears to be very obvious. They offer an inducement for men to enlist, on the one hand, and a preventive to giving them a credit while they belong to the service, on the other. But we contend that they were never designed to extend to any thing that was not strictly a debt or contract. A tax is more properly a duty than a debt or contract, and is very peculiarly so when it is a highway tax which may be paid in labor.

A debt is defined to be " that which one man owes to another ; that which any one is obliged to do or suffer". To contract generally means " to make a bargain, a compact." This implies an agreement, a union of minds, and may be contradistinguished from a tax by the latter not involving any idea either of a bargain or compact. A tax is said to be " an impost, a tribute, imposed, an excise, a tallage." Neither of these suppose an agreement on the person taxed, unless it be the implied understanding of submission to the laws of the land ; none of them can correctly be called contracts. All the statutes of the United States on this subject use the words " for any debt contracted." An impost, a tribute, an excise, a tallage, are neither of them " debts contracted." They might either be called the effect of the supreme power or authority of the country acting upon the citizen without his consent, and manifestly involve ideas altogether foreign and dissimilar to those understood by the words debt or contract.

The soldier in the present instance was liable to the tax before enlistment, and had been assessed for it by the proper authority. The officer was necessarily compelled to collect it upon his warrant or commit the plaintiff upon his refusal.

The opinion of the court was delivered by

Phelps, J.—The point submitted for our decision is, whether the plaintiff was legally liable to arrest for the tax described in the case.

The question, how far persons attached to the army of the United States may be subjected to taxation in the particular district where they are stationed, and may in fact reside, is not, in its full extent, involved in the case. And whether the city of Vergennes can claim such persons, as may be attached to the Arsenal at that place, as residents, and subject to taxation by reason of their residence there, is not necessary in our opinion to be decided.

ADDISON,
January,
1836.

Webster
vs.
Seymour &
Joslin.

It would seem however, that upon common principles, they would not become liable to mere personal taxation, by reason of residence alone. Their residence must be referred to the military station, over which the United States exercise, by cession, exclusive jurisdiction, and, so far as respects personal protection, they derive it rather from the government of the United States, with which they are thus connected, than from the government of the state in which they may be stationed temporarily, and under the immediate direction and control of the war department. It follows that they are not to be considered as becoming citizens of that place, to the purpose of taxation, as a necessary legal consequence of their location there.

So far, however, as they may possess taxable property, situate within the jurisdiction of the city, the rule would seem to be different. As jurisdiction over property involves the power of taxing it, the power of enforcing the tax necessarily follows. If it be real estate, the point would hardly admit of a doubt, and if it be personal, it would be difficult to discover any distinction in point of principle, between the one and the other. Both are equally under the protection of the state, and for this protection the owner, whoever he may be, owes the corresponding obligation to the government which protects it.

This case however, depends upon other circumstances. The plaintiff was a citizen of Vergennes previous to his enlistment as a soldier. He had taxable property there, and a list which had been completed before his enlistment, upon which list the tax in question was assessed.

The precise question then, in this case is, not whether he became subject to taxation by reason of residence there as a soldier, but whether, by his enlistment, he was absolved from such liability, where it previously existed.

It has never been considered that becoming an enlisted soldier disfranchised the citizen. The right of suffrage has been uniformly asserted and sustained, in cases like the present, and the right of protection, in regard to property—in its fullest extent has never for this reason, been questioned. As protection and taxation involve corresponding rights and duties, there is nothing in the nature of things which would exempt the soldier from the one, if it did not divest him of the other.

We must look therefore, for such exemption, if it exist, in some positive legislative enactment. No such exemption however is supposed to exist in the acts of Congress on this subject ; but it is

ADDISON,
January,
1836.

Webster
vs.
Seymour &
Joslin.

insisted, that there is a provision in those acts, by which the plaintiff was exempted from arrest for that cause. It must be conceded, that, if the plaintiff was subject to taxation in regard to his property, he was liable to be dealt with, in the same manner as others similarly subject, in the collection of the tax, unless he he can establish a personal privilege under the law of the United States.

Several acts of Congress exempt the soldier from arrest, under circumstances for any "debt or contract." These terms, it is insisted, embrace the present case. The enquiry then turns upon the import of these words. That this is not a case of contract must be conceded. Is the tax then a debt, within the meaning and to the purposes of this statute? In the most extensive sense of the term, every thing is a debt which is of absolute obligation, but, in its more limited sense, it imports only a particular kind of duty, and in this sense is substantially synonymous with contract. In this sense it is more generally used in statutes relating to the execution of process, and especially in those which are intended to mitigate the rigor of the common law, and to create certain privileges and exemptions in behalf of the debtor. It is a distinctive term, and has reference, in such cases, to a distinction between different classes of debtors, well founded in the nature of things, and which has an important bearing upon statutory provisions of this character. The common use of the term, therefore, in similar statutes, requires that it should be taken in its limited sense. There are other and most satisfactory reasons why we should so understand it is the case. If we extend it to every case, where a debt arises by force of a judgment, from whatever cause the duty may originate, we create an exemption in behalf of the soldier in all civil cases, even to the case of the most aggravated trespass,—an exemption, which could not consist with the safety of the citizen, in his person, or property.

We cannot believe that Congress so intended: nor that their purpose was, to turn loose upon the community, without responsibility to the laws or the civil magistrate, a class of men, prone from the nature of their vocation to violence and outrage, and a class of men, who in every age and country have been regarded with jealousy and distruts.

Upon the whole, we are of opinion, that the plaintiff was legally subject to the tax in question, and was lawfully arrested upon the warrant, and the judgment of the county court is affirmed.

It may be proper to add, that we proceed upon the ground, that the plaintiff possessed property within the jurisdiction of the city,

upon which the tax in question was assessed.   Had the case shown that he was assessed only for his poll, a different question would have arisen.   As the right of personal taxation rests upon the duty of personal protection, it may well be argued, that the plaintiff, by his enlistment, was placed under the immediate protection of the government of the United States, and was no longer to be regarded, to this purpose, as a citizen of Vergennes.   But upon the question, what would have been the effect of the enlistment, had the plaintiff possessed no taxable estate, we give no opinion.