## THE TOWN OF CROMWELL *vs.* GEORGE P. SAVAGE.

First Judicial District, Hartford, March Term, 1912.

HALL, C. J., THAYER, RORABACK, WHEELER and REED, Js.

General Statutes, § 2407, providing that all taxes, properly assessed, shall become a debt due from the person against whom assessed, merely prescribes a remedy for their collection by ordinary action, and does not change the nature of a tax.

The word "debt" as used in this section means a just demand, rather than an obligation arising out of a contract.

A tax is neither a debt nor an implied contract within General Statutes, § 1110, limiting actions for debt due "by book or to balance book accounts."

The legislative intent must be clear in order to bring a tax within the terms of such a statute.

A tax is a public burden imposed by law upon the individual for a public purpose.

Indebitatus assumpsit, unless authorized by statute, cannot be maintained for a tax.

Argued March 5th—decided April 9th, 1912.

ACTION to recover the amount of a town tax, brought by appeal from a judgment of a justice of the peace to the Superior Court in Middlesex County where a demurrer to a plea of the statute of limitations was sustained (*Williams, J.*), from which the defendant appealed. *No error.*

*Bertrand E. Spencer* and *Charles W. Cramer,* for the appellant (defendant).

*Gustaf B. Carlson,* for the appellee (plaintiff).

WHEELER, J. This is a suit for the collection of taxes, to which the defendant pleads the statute of limitations. The plaintiff demurs on the ground that the statute is not available as a defense to an action of this character.

In a broad sense everything of absolute obligation is a debt. In its ordinary sense debt is substantially synonymous with contract. *Webster v. Seymour,* 8 Vt. 135, 140.

A tax is not a debt in the ordinary sense of that term. It does not rest upon contract, either express or implied. It does not carry interest, and is not subject to set-off unless expressly so made by statute. Neither its existence, nor its continuance, depends upon individual will. In short, it bears none of the characteristics of a debt. *State v. Travelers Ins. Co.,* 70 Conn. 590, 603, 40 Atl. 465; *Sargent & Co. v. Tuttle,* 67 Conn. 162, 166, 34 Atl. 1028; *Lane County v. Oregon,* 7 Wall. (U. S.) 71, 81; *Camden v. Allen,* 26 N. J. L. 398; *Crabtree v. Madden,* 54 Fed. Rep. 426, 4 C. C. A. 408; *Philadelphia M. & T. Co. v. Omaha,* 63 Neb. 280, 283, 88 N. W. 523; *Shaw v. Peckett,* 26 Vt. 482, 486; Cooley on Taxation (3d Ed.) pp. 17, 836.

A tax is a public burden imposed by law upon the individual for a public purpose. *New London v. Miller,* 60 Conn. 112, 22 Atl. 499.

The collection of taxes in general depends upon the statutory remedies, and indebitatus assumpsit cannot be maintained for their collection unless expressly authorized by statute. *United States v. Chamberlin,* 156 Fed. Rep. 881, 84 C. C. A. 461.

The primary object of General Statutes, § 2407—"All taxes, properly assessed, shall become a debt due from the person, persons, or corporation, against whom they are respectively assessed," etc.—was to provide a simple remedy for the collection of taxes by ordinary action. *Waterbury v. Schmitz,* 58 Conn. 522, 526, 20 Atl. 606.

The statute did not change, nor purport to change, the character of the obligation of a tax; it merely provided another remedy for its collection. "Debt" was

used in this statute in its higher sense of a just demand, rather than in its ordinary sense of an obligation arising out of a contract.

The entire argument of the defendant is that the limitation placed upon the "action for an account, or for a debt due by book or to balance book accounts, or upon any simple or implied contract" (General Statutes, § 1110), must bar this action because it either seeks the collection of a debt or of an obligation resting upon an implied contract.

In pointing out the nature of a tax, its dissimilarity to either a debt or an implied contract has been shown. Were this otherwise, and the tax held to be a debt, the statute would have no application. The debt referred to in § 1110 is "a debt due by book or to balance book accounts." A debt of this kind has long been known to our law, and to it a tax bears no resemblance. A tax is not a debt due by book or to balance book accounts. By no construction can this statute be properly held to include the obligation of a tax.

It was within the legislative power to have brought a tax within the statute. The intention so to do should have been clearly manifested in the terms of the statute; for a statute of this nature would have been in derogation not merely of existing law, but of a public policy served by the law.

There is no error.

In this opinion the other judges concurred.