DOROTHY D. SILVER *v.* CHARLES W. SILVER

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, Js.

Argued November 4, 1975—decision released March 2, 1976

*Donald C. Lunt,* for the appellant (defendant).
*Gordon A. Evans,* for the appellee (plaintiff).

LOISELLE, J.  On February 25, 1969, the Superior Court dissolved the marriage of the plaintiff, Dorothy D. Silver, and the defendant, Charles W. Silver.  The judgment provided for alimony in the following manner:  "And that the defendant shall pay to the plaintiff as alimony the sum of Four Hundred Fifty Dollars ($450.00) per month, or 25% of his gross annual income (payable in monthly installments), whichever is less.  In the event, and only in the event, alimony payments hereunder shall be less than Four Hundred Fifty Dollars ($450.00) per month, defendant shall at such time make available to the plaintiff any and all records including income tax returns, reflective of his then current earnings level.  In the event the defendant's salary shall during any future calendar year exceed his salary for the current calendar year by Three Thousand Dollars ($3000.00) or more, then the defendant agrees [sic] to pay to the plaintiff, as additional alimony, 15% of such increase over his salary for the current year, such additional alimony to be paid on or before January 31 of the year following the year in which such increase shall have occurred."[1]

---

[1] The parties stipulated that the words "current calendar year" refer to 1968.

In December, 1973, the plaintiff filed a "motion to show cause why the defendant should not be punished for failure to pay alimony." The court found the issues for the plaintiff but did not find contempt because the defendant honestly believed he had paid the required amount of alimony. The defendant was ordered to pay additional alimony for the calendar years of 1970, 1971 and 1972. He has appealed from the order.

The basic issue in this case is the interpretation of the word "salary" as used in the judgment. The memorandum of decision of the court contains some language which appears to conflict with the conclusions reached by the court and the defendant argues that the finding should be corrected to conform with the trial court's determination of facts. The only evidence introduced at the hearing was a letter from the defendant's employer addressed to the Superior Court setting forth, among other things, a "Schedule of Compensation and Payroll Deduction" for the defendant. The claim is made that the conclusions in the memorandum of decision are improperly drawn from the facts found and reasoning made. "As between a memorandum of decision and a finding, the latter must always prevail." *Banks* v. *Adelman,* 144 Conn. 176, 180, 128 A.2d 534; *Stults* v. *Palmer,* 141 Conn. 709, 710, 109 A.2d 592. No material change in the finding is warranted. *Novella* v. *Hartford Accident & Indemnity Co.,* 163 Conn. 552, 567, 316 A.2d 394; *Trani* v. *Anchor Hocking Glass Corporation,* 142 Conn. 541, 543, 116 A.2d 167.

A letter from the defendant's employer, admitted as evidence in the hearing on the motion, stated the defendant's compensation as follows:

| Year | Monthly Payroll | Bonuses | Salary |
|---|---|---|---|
| 1967 | $21,000 | $4,000 | $25,000 |
| 1968 | 22,167 | 5,000 | 27,167 |
| 1969 | 24,000 | 2,400 | 26,400 |
| 1970 | 26,000 | — | 26,000 |
| 1971 | 26,000 | — | 26,000 |
| 1972 | 26,000 | — | 26,000 |
| 1973 (To 6/30) | 13,000 | — | 13,000 |
| 1973 (7/1–9/30) | 6,940 | — | 6,940 |

The plaintiff asserts that the defendant's salary in 1968 was $22,167 and that the bonus of $5000 was not part of his salary. So that in 1970 and thereafter, when the salary was raised to $26,000, she was entitled to 15 percent of the increase over $22,167. On the other hand, the defendant claims that "salary," as used in the judgment of the court, means gross income from employment.

The word "salary" is neither a word of art nor one of strict or narrow meaning. As stated in *Walsh* v. *Bridgeport,* 88 Conn. 528, 535, 91 A. 969, the meaning of the word is not inflexible. Webster's Third New International Dictionary defines salary as "fixed compensation paid regularly (as by the year, quarter, month, or week) for services." This definition reflects the common meaning attributed to the word. Both parties cite cases to support their point of view as to the interpretation of the word "salary." The conflicting meanings given depend upon the context in which the word salary was used. No useful purpose would be served by repeating those cases in this opinion. As the provision to be construed is found in a judgment, the language of the judgment itself must be construed. See *McDonnell* v. *McDonnell,* 166 Conn. 146, 150, 348 A.2d 575; *Foley* v. *Foley,* 149 Conn. 469, 471, 181 A.2d 607; *Lasprogato* v. *Lasprogato,* 127 Conn. 510, 516, 18 A.2d 353.

In examining the decree, we find it significant that the alimony payment was to be $450 or 25 percent of the defendant's gross annual income (payable in monthly installments), whichever was less. Twenty-five percent of $22,167, rounded out to the nearest zero dollars, is $450 a month. If there were a decrease in income, whether in monthly income or bonus or both, the decree provided a buffer to the plaintiff until the decrease amounted to less than 25 percent of the gross annual income. On the other hand, where there was to be an increase in the defendant's income, the word "salary" was used as the factor to determine the increase in alimony. It is noteworthy that "gross income" was used if there were to be a decrease in alimony, and that "salary" was used if there were to be an increase in alimony. The word salary is not defined in the judgment. It must be accorded its common meaning. See *Lake Garda Improvement Assn.* v. *Battistoni,* 160 Conn. 503, 512, 280 A.2d 877. It is also significant that Webster's Third New International Dictionary defines bonus to mean "something given or received that is over and above what is expected." The court did not err by concluding that "salary" meant fixed compensation to be paid regularly for services and did not include any bonus received by the defendant, so that the base to determine whether there was an increase in salary was $22,167, the salary received in 1968.

The defendant also claims that if the determination of salary is meant to be the periodic monthly payments received by him then the first $3000 received over the annual salary is not to be considered and that the 15 percent applies to income over $22,167 plus $3000. The plain and unambiguous language of the decree indicates that there

should be an excess of $3000 over the defendant's 1968 salary before any additional alimony is to be paid. The defendant's additional obligation, however, applies to all of the excess over the 1968 salary in any year when his salary would exceed his 1968 salary by $3000. The court did not err by concluding that the defendant should have paid additional alimony to the plaintiff in an amount equal to 15 percent of his salary in excess of the 1968 salary of $22,167.

There is no error.

In this opinion the other judges concurred.