RACHEL TAYLOR ET AL. *v.* STANLEY R. LAVIETES ET AL.

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, JS.

Argued October 12—decision released December 7, 1976

*Stephen I. Traub,* with whom, on the brief, was *Donald F. Snow,* for the appellants (plaintiffs).

*Dominic P. Del Sole,* for the appellees (named defendant et al.).

*Lawrence W. Iannotti,* with whom was *Karen S. Nash,* for the appellee (defendant Yale-New Haven Hospital).

PER CURIAM.   This action is one in malpractice against three physicians and a hospital.  The plaintiff Rachel Taylor claims that damages sustained during surgery at the hospital were the result of the negligence of the defendants.

Paragraph ten in the first and second counts of the complaint against the physicians alleged that "[a]s a result of the aforesaid, the plaintiff John Taylor, husband of Rachel Taylor, was caused the loss of companionship and consortium with his wife, the plaintiff Rachel Taylor, during the period of her hospitalization and convalescence resulting from the required repair surgery, and he was also caused economic loss as a result of medical bills and other expenses incidental and related thereto."

The defendant physicians demurred to this paragraph in both counts alleging as follows: "The defendants, Stanley R. Lavietes, Gerald Krosnick and Carl M. Cassin, hereby demur to paragraph 10 of the First Count and paragraph 10 of the Second Count of plaintiffs' complaint, insofar as the plaintiff, John Taylor, makes claims for relief, as such claims are not properly includable as a cause of action." The court sustained the demurrer. The plaintiffs appealed from the judgment rendered on the demurrer.

The memorandum of decision is consulted to ascertain the grounds upon which the court acted. *National Broadcasting Co.* v. *Rose,* 153 Conn. 219, 226, 215 A.2d 123. In sustaining the demurrer the court relied on the case law of this state denying the right of a husband to recover for loss of consortium. *Lockwood* v. *Wilson H. Lee Co.,* 144 Conn. 155, 128 A.2d 330; *Marri* v. *Stamford Street R. Co.,* 84 Conn. 9, 78 A. 582. The plaintiffs desire a reexamination of that doctrine by this court.

It is evident that the court and the parties all have overlooked some of the pleadings in the paragraphs demurred to in that, in addition to the element of consortium, the paragraphs also include elements of damages for "medical bills and other expenses incidental and related thereto." It is undisputed that "medical bills and other expenses incidental and related" to the injuries suffered by a wife are recoverable by a husband. *Hemmings* v. *Weinstein,* 151 Conn. 502, 506, 199 A.2d 687; *Horton* v. *Vickers,* 142 Conn. 105, 106, 111 A.2d 675; *Katz* v. *Cohn,* 122 Conn. 338, 341, 189 A. 594; *Quackenbush* v. *Vallario,* 114 Conn. 652, 657, 159 A. 893.

In demurring to the full paragraphs in the complaint, the defendants admitted any facts provable under them as alleged and if any facts which are provable in the allegations would be recoverable as elements of damages, the demurrer must of necessity fail. *Broderick* v. *Jackman,* 167 Conn. 96, 99, 355 A.2d 234; *Covino* v. *Pfeffer,* 160 Conn. 212, 214, 276 A.2d 895; *Blakeslee* v. *Board of Water Commissioners,* 106 Conn. 642, 649, 139 A. 106.

As the demurrer must fail, it is unnecessary for this court to reach the loss of consortium claim.

There is error, the judgment is set aside and the case is remanded with direction to overrule the demurrer and then to proceed according to law.