CHARLES SCHNIER *v.* COMMISSIONER OF
TRANSPORTATION

HOUSE, C. J., LOISELLE, BOGDANSKI, LONGO and BARBER, Js.

Argued November 4, 1976—decision released February 22, 1977

*William A. McQueeney,* assistant attorney general, with whom, on the brief, was *Carl R. Ajello,* attorney general, for the appellant (defendant).

*Jack Rubin,* with whom was *Charles Stroh,* for the appellee (plaintiff).

LONGO, J. On September 7, 1973, the defendant commissioner of transportation took by eminent domain, pursuant to his authority under General Statutes § 13a-73 (b), 21.283 acres of land owned by the plaintiff and located in New Britain and Newington. The plaintiff appealed the assessment of $565,600 awarded by the state as damages and

the case was referred to three state referees sitting as a court for trial. The referees reassessed the amount of damages as $795,500. The issues posed by this appeal are whether the referees erred by considering in their computation of compensation taxes, attorney's fees, finance charges and expenses for plans and engineering incurred by the plaintiff while he owned the property.

The plaintiff had purchased the property in question approximately four years prior to the date of the taking with the intention of developing it as a shopping center. At the trial there was conflicting evidence as to the fair market value of the property. After hearing all of the evidence, the referees concluded that just compensation was the market value of the property at the time of the taking, which they computed to be $795,500. This court may properly consult the memorandum of decision filed by the referees to ascertain the grounds upon which they acted. *Taylor* v. *Lavietes,* 172 Conn. 52, 53, 372 A.2d 157; *National Broadcasting Co.* v. *Rose,* 153 Conn. 219, 226, 215 A.2d 123; Maltbie, Conn. App. Proc. § 152. A memorandum of decision establishes no facts and cannot take the place of a finding; *Pelc* v. *Danbury,* 166 Conn. 364, 367, 349 A.2d 825; nor can statements in the memorandum of decision be given the effect of findings of facts. *E. M. J. Corporation* v. *Zoning Board of Appeals,* 154 Conn. 667, 668, 228 A.2d 500. "As between a memorandum of decision and a finding, the latter must always prevail." *Banks* v. *Adelman,* 144 Conn. 176, 180, 128 A.2d 534; *Silver* v. *Silver,* 170 Conn. 305, 307, 365 A.2d 1188. In the present action, an examination of the memorandum of decision in no way adds facts to the finding nor does it replace the finding in any respect. The

memorandum is only examined to ascertain the grounds upon which the referees acted, so that their actions in arriving at the ultimate conclusions in the finding may be reviewed. The memorandum of decision, which does not contradict the finding, states the following: "We conclude that just compensation in the instant case is $795,500.00. This figure is made up of $684,493.00 which the plaintiff paid for the property when he purchased it in December, 1969, and the monies which he has laid out upon it since, including refinancing, taxes, plans, engineering and incidental expenses contemplating the use of the land for a shopping center. It also includes an appreciation of 20%, 5% a year for four years." The state concedes that the appreciation is a proper factor to be considered in computing the market value. Earlier in the memorandum of decision the referees concluded that the plaintiff "has expended for taxes, refinancing and other expenses, $129,493.00." They also stated that the total initial purchase price was $555,000.

We first consider whether taxes paid by the plaintiff during his four-year term of ownership were compensable expenses. Article first, § 11, of the Connecticut constitution commands that no property shall be taken without just compensation. "It is the value of the land at the time of the taking which constitutes the basis of just compensation. *Clark* v. *Cox,* 134 Conn. 226, 229, 56 A.2d 512." *Ives* v. *Addison,* 155 Conn. 335, 341, 232 A.2d 311. In *Ives,* where the court applied reasoning similar to that applicable to this case, the plaintiff commissioner of transportation had taken property belonging to the defendant and had adjusted the tax payments due on the land to impose liability on the defendant for tax payments up to the date of the

taking in disregard of the local custom of having the buyer assume tax payments at an earlier point. As a consequence the defendant claimed that because she had been forced to pay the taxes she had been denied just compensation. The court denied her claim, stating (p. 340): " 'The party against whom a tax is assessed is directly liable for the tax and his duty [to pay it] is clear.' *Middletown Savings Bank* v. *Bacharach,* 46 Conn. 513, 524; *Ashley Realty Co.* v. *Metropolitan District,* 132 Conn. 551, 556, 46 A.2d 13; see *Worobey* v. *Sibieth,* 136 Conn. 352, 360, 71 A.2d 80; *Cromwell* v. *Savage,* 85 Conn. 376, 377, 82 A. 972." In *Ives,* we also emphasized that under General Statutes § 12-161, the defendant record owner, in the absence of an agreement to the contrary, was the person liable for the tax. General Statutes § 12-161, which we also find relevant to this case, states in part: "All taxes properly assessed shall become a debt due from the person, persons or corporation against whom they are respectively assessed to the town, city, district or community in whose favor they are assessed." Since the plaintiff was liable for the taxes as they fell due and since the measure of just compensation is the value of the land at the time of the taking, the plaintiff was not entitled to compensation for his tax payments made in years prior to the date of the taking. We conclude that the plaintiff's tax liability for the four years preceding the taking was merely one of the incidents of ownership which was unaffected by the commissioner's exercise of the power of eminent domain. See annot., 45 A.L.R.2d 522, 529–30 § 5 [a], and cases cited therein.

It next appears from the memorandum of decision that the referees also considered the amount

of money the plaintiff spent in refinancing the property. Nowhere in our law has such compensation been authorized nor do we find it to be a proper element comprising market value. See 4 Nichols, Eminent Domain (3d Ed.) § 12.1. As we stated in *Colaluca* v. *Ives,* 150 Conn. 521, 530, 191 A.2d 340: "Under article first, § 11, of the Connecticut constitution, no property shall be taken for a public use without just compensation. This means a fair equivalent in money for the property taken from the condemnee as nearly as its nature will permit. Ordinarily, although not necessarily, this is the market value of the property taken." See also *Stanley Works* v. *New Britain Redevelopment Agency,* 155 Conn. 86, 102, 230 A.2d 9. In the present case, the referees specifically designated the market value as the measure of just compensation. We have also defined just compensation as "the full, perfect and exact equivalent, in money, for the property taken. *Monongahela Navigation Co.* v. *United States,* 148 U.S. 312, 326, 13 S. Ct. 622, 37 L. Ed. 463; *United States* v. *Miller,* 317 U.S. 369, 63 S. Ct. 276, 87 L. Ed. 336, rehearing denied, 318 U.S. 798, 63 S. Ct. 557, 87 L. Ed. 1162." *E. & F. Construction Co.* v. *Ives,* 156 Conn. 416, 420, 242 A.2d 768.

The defendant argues that the terms of those definitions exclude the cost of refinancing property from the measurement of just compensation. The plaintiff, however, contends that he was entitled to the cost of refinancing and the other claimed amounts by the terms of General Statutes § 13a-73 (b) which states, in part: "Condemnation of land for state highway. . . . The commissioner may take any land he finds necessary . . . and the owner of such land shall be paid by the state for all damages." The plaintiff emphasizes the words

"all damages" and argues that the import of the statute is that the commissioner is to provide fuller compensation when exercising his powers pursuant to General Statutes § 13a-73 (b) than is required by article first, § 11, of the Connecticut constitution. The plaintiff relies on *Meriden* v. *Ives,* 165 Conn. 768, 770, 771, 345 A.2d 13, to support the proposition that the measure of damages should be greater under General Statutes § 13a-73 (b) than under our constitution. We find that *Meriden* v. *Ives,* supra, does not provide persuasive precedent for allowance of the disputed damages claimed in this case. This court held there that the trial referee acting pursuant to General Statutes § 13a-73 (b) had erred by "refusing to consider the existence of severance damages to the remaining parcels of parkland." *Meriden* v. *Ives,* supra, 769. We conclude that "all damages," as applied in *Ives,* does not encompass compensation for interest paid while the plaintiff was preparing his property for development. The plaintiff would have been required to pay the interest cost whether or not the land had been taken. The plaintiff's obligation was not the result of the taking, but is the penalty which the purchaser of property is required to bear because of his inability to pay in full for his investment.

The present situation is distinguishable from cases in which courts have considered, in determining just compensation, the interest incurred in completing construction on property which is subsequently condemned. See *Banner Milling Co.* v. *State,* 240 N.Y. 533, 148 N.E. 668. In such cases, the owner is entitled to compensation for the increased value of his land owing to the construction and he is entitled to have the cost of construction considered in setting compensation. The present

case differs since no construction had been started on the property and, therefore, no increase in the value of the property taken could be attributed to the plaintiff's interest payments.

According to the memorandum of decision, the referees also included compensation for "plans, engineering and incidental expenses contemplating the use of the land for a shopping center." We find consideration of these expenses inappropriate, particularly in view of the referees' statement earlier in their memorandum concluding that the highest and best use of the property in question was not as a shopping center, but as property for industrial and business development. These claimed expenses did nothing to enhance the value of the land nor to raise its fair market value. Our conclusion might be otherwise had the plaintiff actually developed a shopping center on the site by the time of the condemnation. In such event the expense of drawing plans and employing engineers could have been considered part of the cost of improving the land and establishing its market value at the time of the taking. See *Research Associates, Inc.* v. *New Haven Redevelopment Agency,* 152 Conn. 137, 143, 204 A.2d 833.

Finally, though there was testimony at trial and colloquy between the referees and counsel concerning the propriety of compensation for attorney's fees totaling $10,000 incurred by the party who sold the property to the plaintiff, we find nothing in the record to support the defendant's claim that the referees actually included a sum for attorney's fees in their award and we, therefore, do not consider that claim.

The referees found that the fair market value of the property on the date of the taking was $795,500 and it is apparent from their memorandum of decision that they included impermissible sums in computing that value. They did not, however, make specific findings of fact on the exact amounts of those sums. Further proceedings, therefore, are necessary.

There is error, the judgment is set aside and the case is remanded for redetermination in accordance with the above decision of the amount of compensation due the plaintiff.

In this opinion the other judges concurred.