[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
Plaintiff Town of Farmington brings this action to collect real property taxes due for tax years 1979 and 1980. The defendant was the record owner of a seventy-five percent interest in the property in question during those years.
The defendant opposes the town's motion for summary CT Page 812 judgment on two grounds. First, he claims that a genuine issue of material fact exists with respect to the assessment of the taxes. Specifically, his affidavit states that he never received notice of taxes due, and he argues that the receipt of such notice is an essential element of the assessment process as contemplated by C.G.S. 12-161. However, that statute simply authorizes the town to collect properly assessed taxes by legal action, such as this one. It does not require prior notice to the property owner either as an element in the assessment process or as a condition of bringing the action. Section 12-145 does require general notice to all property owners by publication, but that is not an issue in this case. Section 12-130 requires local tax collectors to send "rate bills" to property owners, but it also provides that "[f]ailure to send out any such bill or statement shall not invalidate the tax." This court concludes that the issue of notice to the defendant is not material.
The defendant's second ground for opposing the motion is that there was an agreement between him and the town which pre-existed the tax years in question and which required the defendant to convey his interest in the property in question to the town in conjunction with his development of other property. That conveyance in fact was made in 1982, subsequent to the years for which the town now claims taxes. There is no dispute that the defendant was the record owner of an interest in the property during the claimed tax years. Connecticut law essentially provides that the record owner is liable for property taxes. By statute, all taxes "properly assessed" become a debt due from the person against whom they are assessed. Conn. Gen. Stats. 12-161; Low Stamford Corporation v. Stamford, 164 Conn. 178, 186 (1972). "The party against whom a tax is assessed is directly liable for the tax and his duty [to pay it] is clear." Schnier v. Commissioner of Transportation, 172 Conn. 427, 430 (1977). In the absence of agreement to the contrary, the record owner is the person liable for the tax. Id. Neither party has produced any evidence of an agreement that the town would assume the defendant's tax obligations prior to his conveyance of the property. Section 12-70 of the statutes, however, requires that any such change in tax obligations must be "expressly assumed." The agreement concerning the defendant's obligation to convey the property to the town is not, therefore, material to his obligation to pay taxes on it prior to the conveyance.
There is no issue of material fact remaining to be resolved, and the plaintiff is entitled to judgment as a matter of law.
The motion for summary judgment is granted. CT Page 813
MALONEY, J.