[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The complaint alleges that on or about August 27, 1988 at approximately 12:30 a.m., the defendant Frank Mills (Mills) was operating a motor vehicle CT Page 3250 on Route 254 in the Town of Thomaston when he came upon a Thomaston Police Department road block and was requested by police to move to the side of the road. The complaint goes on to allege that Mills ignored that request and, operating a Thomaston police car, police officer Randall Graham (Graham) after observing the Mills' vehicle proceeding at an excessive rate of speed engaged in a high speed pursuit of the Mills' auto. During this pursuit, while attempting to avoid apprehension, Mills crossed the center line and travelled off the road striking a wall causing the plaintiff, a passenger in the Mills' vehicle to sustain serious physical injuries. The plaintiff asserts that the defendants Graham and Town of Thomaston were negligent in that Graham improperly engaged in the high speed pursuit and in that he exceeded the posted speed limit while failing to make use of an audible warning signal device. Such action it is claimed, violated Connecticut General Statutes 14-283 which provides in pertinent part
 (a) "Emergency vehicle, "as used in this section, means. . .any state or local police vehicle operated by a police officer answering an emergency call or in the pursuit of fleeing law violators.
 (b) The operator of any emergency vehicle may. . , (3) exceed the posted speed limits or other speed limits imposed by or pursuant to section 14-218a or 14-219 as long as he does not endanger life or property by so doing, . . . .
 (c) The exemptions herein granted shall apply only when an emergency vehicle is making use of an audible warning signal device, including but not limited to a siren, whistle or bell which meets the requirements of subsection (f) of section 14-80, and visible flashing or revolving lights which meet the requirements of sections 14-96p and 14-96q, and to any state or local police vehicle properly and lawfully making use of an audable warning signal device only.
Conn. Gen. Stat. 14-283.
The defendants Thomaston and Graham assert in their first special defense that any action taken in this case was performed in a governmental capacity and as such the defendants are immune from liability. The second special defense states that the acts or omission alleged in the complaint required "the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law" to the town of Thomaston. Conn. Gen. Stat. 52-557n. Therefore, the defendant town contends that under 52-557n it is not liable for the damages alleged in the complaint.
Where the use of judgment or discretion is involved, a public officer and his principal governmental entity will not be subject to liability for the negligence of the officer. Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 167 (1988); Conn. Gen. Stat. 52-557n. A ministerial act, however, is an action performed in a prescribed manner without the exercise of judgment or discretion as to the propriety of the action. Id, at 167-68. If by statute or other rule of law an official's CT Page 3251 duty is clearly ministerial, a cause of action lies for an individual injured from allegedly negligent performance. Shore v. Stonington,187 Conn. 147, 153 (1982); see also Wright v. Brown, 167 Conn. 464, 471-72
(1975) (official can be held liable for releasing dangerous dog from quarantine prior to expiration of statutorily required time period).
The court holds that the decision to engage in pursuit is discretionary and immunity may be a defense, However, once pursuit begins, the officer must abide by certain rules (e.g. the use of an audible warning signal) if he is to engage in pursuit in the manner described in the complaint. See Conn. Gen. Stat. 14-283. The rules for such a pursuit are clearly set forth in the statute and if Graham neglected to follow the mandate of the statute by failing to use an audible warning signal and thereby caused the plaintiff's injury, immunity may not apply. See Conn. Gen. Stat. 14-283.
The allegations of the complaint and special defense which must be read in a manner most favorable to upholding the pleading sought to be struck do appear to allege, at least in part, that the act itself of engaging Mills in pursuit was the proximate cause of the plaintiff's injuries. See Falwell v. Howell, 117 Conn. 568 (1933). in such a posture, since immunity may apply to the decision to do so, the motion to strike must be and is denied. See Wachtel v. Rosal, 159 Conn. 496, 499; See also Stephenson Connecticut Civil Procedure, Vol. 1, Section 116f. Taylor v. Lavietes, 172 Conn. 52, 54 (1976).
McDONALD, J.