[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this condemnation action, the court is asked to review the statement of compensation and to consider the fair market value and just compensation as of the date of taking.
After hearing fully heard, the court finds by a preponderance of the credible, relevant and admissible evidence the facts to be as follows.
On May 15, 1990, the plaintiff Jacqueline Fasulo purchased the property subject to this condemnation and located at 201 Route 81, Clinton, Conn., for $505,000.00 from the United States of America. On that same date, the buyer signed a mortgage note in the amount of $515,000.00 along with a mortgage deed which encumbered the property in that amount. Subsequently, the plaintiff, Earl W. Tucker became a co-owner of the property and a signatory on the mortgage note.
On October 24, 1990, the defendant, the town of Clinton (town) exercised its power of eminent domain, thus acquiring the property. Pursuant to the statement of compensation, the town paid $505,000, into court. A certificate of taking was issued on November 13, 1990 and duly recorded on the land records. The plaintiff have received the funds paid into court.
By appeal and application dated December 5, 1990, the plaintiffs are seeking a review of the statement of compensation and a valuation of the premises and just CT Page 3156 compensation.
The condemned property is described in the certificate of taking and in other documents as containing 47.9 acres, more or less, together with certain improvements thereon, consisting of a residence and outbuildings.
The appraisals, introduced by the parties are in agreement that the highest and best use of the property would be a residential subdivision in which the property would be divided into building lots supportative of residential development.
The plaintiff's expert appraiser, Gerry Adam, testified that, in his opinion, the property was valued at $1,130,000. The defendant's expert, Stephen P. Smith, opined a value of $580,000.
Both the plaintiffs and the town's expert appraisers employed the direct sales comparison approach, also referred to as the market comparison or market data approach. In addition, the plaintiff's expert utilized a development cost analysis approach along with a market approach.
In valuating property, the trial court is charged with the duty of making an independent valuation of the property involved. E F Realty Co. v. Commissioner of Transportation, 173 Conn. 247, 253, 377 A.2d 302 (1977). The trier is not limited to arbitrating the differing opinions of the witnesses but is to make determinations in the light of all the circumstances, the evidence, his general knowledge and his viewing of the premises. Pandolphe's Auto Parts, Inc. v. Manchester, 181 Conn. 217, 220, 435 A.2d 24
(1980); Birnbaum v. Ives, 163 Conn. 12, 21, 301 A.2d 262
(1972). The trier may accept or reject the testimony of an expert, offered by one party or another, in whole or in part. Smith v. Smith, 183 Conn. 121, 123, 438 A.2d 847
(1981); Richard v. A. Waldman Sons, Inc., 155 Conn. 343,348, 232 A.2d 307 (1967); see also Pandolphe's Auto Parts v. Manchester, supra, 221. Ultimately, the determination of the value of real estate is a matter of opinion, which eventually depends upon the considered judgment of the trial judge who takes into account the different opinions expressed by the various witnesses. Moss v. New Haven Redevelopment Agency, 146 Conn. 421, 425, 151 A.2d 693 (1959). A condemee is entitled to receive a fair equivalent in money for the property interest taken by eminent domain, as nearly as its nature will permit. Tandet v. Urban Redevelopment Commission, 179 Conn. 293, 298 (1979); Schnier v. Commissioner CT Page 3157 of Transportation, 172 Conn. 427, 431 (1977); Colaluca v. Ives, 150 Conn. 521, 530 (1963). The measure of damages is the fair market value of the acquired property at the date of the taking. The highest and best use of the land is contemplated D'Addario v. Commissioner of Transportation,180 Conn. 355, 365 (1980). The court may consider the price the plaintiff paid for the property. Pandolphe's Auto Parts, Inc. v. Manchester, supra, 223.
Guided by the aforesaid applicable law the court finds by a preponderance of the credible, relevant and admissible evidence the fair market value of the subject property on the date of the taking to be $600,000.00.
The court further finds that the engineering costs generated by the plaintiffs pursuant to their intent to subdivide the property both before and after the filing of the certificate of condemnation is not a taxable cost to the defendant. The court will allow the assessment of such costs only to the extent that they reflect the fees of the engineering expert, Thomas Stevens of Kenny Stevens, Inc., for his attendance and testimony in court at $100.00 per hour and for his trial preparation of 14.75 hours at $80.00 per hour.
Accordingly, judgment may enter for the plaintiff to recover of the defendant the sum of $95,000.00 plus legal interest and costs.
SPALLONE STATE TRIAL REFEREE