[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this condemnation action, this court, consisting of a panel of three State Trial Referees, is asked to review the statement of compensation and to consider the fair market value and just compensation of the date of the taking.
After hearing fully heard, all parties present and represented by counsel, the court finds by a preponderance of the credible relevant and legally admissible evidence, the facts to be as follows.
The plaintiffs, Robert Casner, Robert Casner, Trustee, Chester A. Zaniewski and C Z Associates are applying for a CT Page 11741 review of the statement of compensation, in the amount of $552,000.00, filed by the defendant, Town of East Haddam, on August 14, 1991, in regard to the taking of premises as is more fully described in the appeal and application for review. Said premises are located in the Town of East Haddam.
The applicants are the owners of and have a record interest in these premises and are aggrieved by the statement of compensation.
The appraisers and the appraisals, introduced by the parties are in agreement, and the Court so finds, that the highest and best use of the property would be a residential subdivision in which the property would be divided into building lots supportive of residential development. Further, we note that this was a partial taking and that the plaintiffs are seeking damages representing their loss after the taking.
The plaintiffs' expert appraiser, Richard H. Barry, utilizing the sales comparison approach and the development approach, concluded the value of the property before the taking to be $2,000,000.00 and after the taking to be $560,000.00, resulting in damages of $1,440,000.00. The plaintiffs' experts valued the land as one unified parcel as it was described in the taking.
The defendant's expert, F. Jerome Silverstein, treating the property taken as two separate pieces concluded that the total value of the two pieces, as of August 14, 1991 was $938,900.00 and after the taking was $450,000.00, resulting in damages of $488,900.00. The defendant's expert utilized the sales comparison approach, rejecting the development approach as unreliable and speculative.
Herbert H. Riess, also testified as an expert appraiser for the plaintiffs. Rejecting both the cost approach and the comparative sales approach, he opined that as of August 14, 1991 the fair market value of the property condemned was, before take $1,612,500.00, after the take $542,000.00, resulting in damages of $1,070,500.00. Mr. Riess also valued the land taken as a separate entity and in so doing ascribed a value $1,125,000.00 to the land taken. He concluded that the plaintiffs were damaged to the extent of $1,100,000.00.
In valuating property, the trial court is charged with CT Page 11742 the duty of making an independent valuation of the property involved. E F Realty Co. v. Commissioner of Transportation173 Conn. 247, 253, 377 A.2d 302 (1977). The trier is not limited to arbitrating the differing opinions of the witnesses but is to make determinations in the light of all the circumstances, the evidence, his general knowledge and his viewing of the premises. Pandolphe's Auto-Parts, Inc. v. Manchester,181 Conn. 217, 220, 435 A.2d 24 (1980); Birnbaum v. Ives,163 Conn. 12, 21, 301 A.2d 262 (1972). The trier may accept or reject the testimony of an expert, offered by one party or another, in whole or in part. Smith v. Smith, 183 Conn. 121,123, 438 A.2d 847 (1981); Richard v. A. Waldman Sons, Inc.,15 Conn. 343, 348, 232 A.2d 307 (1967); see also Pandolphe's Auto Parts v. Manchester. supra 221. Ultimately, the determination of the value of real estate is a matter of opinion, which eventually depends upon the considered judgment of the trial judge who takes into account the different opinions expressed by the various witnesses. Moss v. New Haven Redevelopment Agency, 146 Conn. 421, 425, 1561 A.2d 693 (1959). A condemnee is entitled to receive a fair equivalent in money for the property interest taken by eminent domain, as nearly as its nature will permit. Tandet v. Urban Redevelopment Commission, 179 Conn. 293, 298 (1979); Schnier v. Commissioner of Transportation, 172 Conn. 427, 431 (1977); Colaluca v. Ives, 150 Conn. 521, 530 (1963). The measure of damages is the fair market value of the acquired property at the date of the taking. The highest and best use of the land is contemplated D'Addario v. Commissioner of Transportation, 180 Conn. 355,365 (1980).
The defendant took the property as a unified single tract, compensated the plaintiff as such and the plaintiffs' appeal and application refers to a single tract, accordingly, this court will consider the tract as a single entity.
Guided by the aforesaid applicable law, the court finds that the value of the premises, subject to the condemnation, to be $1,050,000.00 before the taking and after the taking to be $450,000.00 resulting in damages of $600,000.00. The defendant has paid into court the sum of $552,000.00 which the plaintiffs have withdrawn to their own use. The plaintiffs have been damaged in the amount of $48,000.00.
Accordingly, judgment may enter for the plaintiffs to recover of the defendant the sum of $48,000.00 plus legal CT Page 11743 interest and costs.
DANIEL F. SPALLONE, STATE TRIAL REFEREE
GEORGE D. STOUGHTON, STATE TRIAL REFEREE
JOHN M. ALEXANDER, STATE TRIAL REFEREE