[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this condemnation action, the court is asked to review the statement of compensation and to consider the fair market value and just compensation on the date of the taking.
After a plenary heating, all parties present or represented by counsel, the court, based on a preponderance of the credible, relevant and legally admissible evidence, finds, determines and rules as follows:
The plaintiff, Jefra, Inc., is applying for a review of the statement of compensation, in the amount of $98,000.00, filed by the defendant, Town of Essex, on October 1, 1993, with regard to the taking of premises, which are located in the Town of Essex and as is more fully described in the appeal and application for review.
The applicant is the owner of the premises and is aggrieved by the statement of compensation.
The parties' appraisers and the appraisals introduced into evidence are in agreement, and the court so finds, that the highest and best use of property, subject to this appeal, is its present approved use as a maintenance and/or chipping facility. Further, this was a partial taking and the plaintiff's damages, if any, are to be measured by the difference in the value of the remaining land, if any, after the taking.
The plaintiff's expert appraiser, F. Jerome Silverstein, utilizing the sales comparison approach, concluded that the value of the property before the taking was $317,000.00, and that after the take the value was $164,000.00, resulting in damages of $153,000.00.
The defendant's expert appraiser, Robert J. Flanagan, also CT Page 7122 utilizing the sales comparison approach valued the property, before the taking, at $218,000.00, and after the taking to be $120,000.00, indicating damages in the amount of $98,000.00.
In valuating property, the trial court is charged with the duty of making an independent valuation of the property involved.E F Realty Co. v. Commissioner of Transportation, 173 Conn. 247,253, 377 A.2d 302 (1977). The trier is not limited to arbitrating the differing opinions of the witnesses but is to make determinations in the light of all the circumstances, the evidence, his general knowledge and his viewing of the premises.Pandolphe's Auto Parts, Inc. v. Manchester, 181 Conn. 217, 220,435 A.2d 24 (1980); Birnbaum v. Ives, 163 Conn. 12, 21,301 A.2d 262 (1972). The trier may accept or reject the testimony of an expert, offered by one party or another, in whole or in part.Smith v. Smith, 183 Conn. 121, 123, 438 A.2d 847 (1981); Richardv. A. Waldman Sons, Inc., 155 Conn. 343, 348, 232 A.2d 307
(1967); see also Pandolphe's Auto Parts v. Manchester, supra, 221. Ultimately, the determination of the value of real estate is a matter of opinion, which eventually depends upon the considered judgment of the trial judge who takes into account the different opinions expressed by the various witnesses. Moss v. New HavenRedevelopment Agency, 146 Conn. 421, 425, 151 A.2d 693 (1959). A condemnee is entitled to receive a fair equivalent in money for the property interest taken by eminent domain, as nearly as its nature will permit. Tandet v. Urban Redevelopment Commission,179 Conn. 293, 298 (1979); Schnier v. Commissioner of Transportation,172 Conn. 427, 431 (1977); Colaluca v. Ives, 150 Conn. 521, 530
(1963). The highest and the best use of the land is contemplatedD'Addario v. Commissioner of Transportation, 180 Conn. 355, 365
(1980).
Guided by the aforesaid applicable law, the court finds the value of the premises, subject to the condemnation to be $260,000.00, before the taking, and after the taking to be $145,000.00, resulting in damages of $115,000.00. The defendant has paid into court the sum of $98,000.00 which the plaintiff has withdrawn and distributed 90% to itself and 10% to the estate of Zilpha DiMaggio. The plaintiff has been damaged in the amount of $17,000.00.
By stipulation of the parties and with no objection to the court, the award of damages is to be distributed by the plaintiff in the same manner and in the same ratio as was the deposit paid into court. CT Page 7123
Accordingly, judgment may enter for the plaintiff, Jefra, Inc., to recover of the defendant, Town of Essex, the sum of $17,000.00 plus an appraisers fee of $1,500.00, plus legal interest and costs.
SPALLONE STATE TRIAL REFEREE
Judgment enters in accordance with the foregoing Memorandum Of Decision
Jonathan W. Field, Deputy Chief Clerk