[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this condemnation action, the court is asked to review the statement of compensation and to consider the fair market value and just compensation on the date of the taking.
After hearing duly held, the parties represented by counsel, the court, by preponderance of the credible, relevant and legally admissible evidence finds, concludes and rules as follows:
The plaintiff, Sun Co., Inc., is the owner of the property subject to the condemnation proceedings and is an aggrieved party and has standing to pursue these proceedings.
The plaintiff is applying for a review of the statement of compensation in the amount of $47,700.00 filed by the Commissioner on April 20, 1993, in regard to a taking of the premises as is more fully described in the appeal and application for review. Said premises are located in the city of Middletown.
The highest and best use of the premises is the existing present use as a gasoline station and convenience store. Further, as this was a partial take; the plaintiff is seeking damages reflecting a loss after the take, which is the difference between the value of land before the take and the value of the land after the take.
The plaintiff's expert, J. Brian Bergen, testified that, in his opinion, as of April 20, 1993, the value of the land before the take was $564,000.00 and the value of the land after the take was $393,580.00, indicating damages in the amount of $170,420.00.
The defendant's expert, John B. Flint, testified that in his opinion, the subject property before the take was valued at $535,900.00 and after the take he valued the property at $490,300.00, added $7,100.00 in easement charges, for a total of CT Page 12401 $46,700.00 in damages.
In valuating property, the trial court is charged with the duty of making an independent valuation of the property involved.E F Realty Co. v. Commissioner of Transportation, 173 Conn. 247,253, 377 A.2d 302 (1977). The trier is not limited to arbitrating the differing opinions of the witnesses but is to make determinations in the light of all the circumstances the evidence, his general knowledge and his viewing of the premises. Pandolphe'sAuto Parts, Inc. v. Manchester, 181 Conn. 217, 220, 435 A.2d 24
(1980); Birnbaum v. Ives, 163 Conn. 12, 21, 301 A.2d 262 (1971). The trier may accept or reject the testimony of an expert, offered by one party or another, in whole or in part. Smith v. Smith,183 Conn. 121, 123, 438 A.2d 847 (1981); Richard v. A. Waldman Sons,Inc., 155 Conn. 343, 348, 232 A.2d 307 (1967); see also Pandolphe'sAuto Parts v. Manchester, supra 221. Ultimately, the determination of the value of real estate is a matter of opinion, which eventually depends upon the considered judgment of the trial judge who takes into account the different opinions expressed by the various witnesses. Moss v. New Haven Redevelopment Agency,146 Conn. 421, 425, 151 A.2d 693 (1959). A condemnee is entitled to receive a fair equivalent in money for the property interest taken by eminent domain, as nearly as its nature will permit. Tandet v.Urban Redevelopment Commission, 179 Conn. 293, 298 (1979); Schnierv. Commissioner of Transportation, 172 Conn. 427, 431 (1977);Colaluca v. Ives, 150 Conn. 521, 530 (1963). The highest and best use of the land is contemplated D'Addario v. Commissioner ofTransportation, 180 Conn. 355, 365 (1980).
Guided by the aforesaid applicable law, the court finds the value of the premises, subject to the condemnation and before the taking to be $535,900.00, said premises after the take to be $488,200.00, plus $1,100.00 in easement charges, resulting in damage of $47,700.00. The defendant has paid into court the sum of $47,700.00.
The plaintiff has been justly compensated and accordingly the appeal is dismissed and judgment may enter for the defendant, plus costs.
SPALLONE STATE TRIAL REFEREE
Judgment entered in accordance with Foregoing Memorandum of Decision. CT Page 12402
Jonathan W. Field Deputy Chief Clerk