[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff Jalowiec Realty Associates has taken this appeal from a Notice of Condemnation and Assessment of Damages filed by the defendant Commissioner of Transportation against certain property owned by the plaintiff and located at 89 Sodom Lane in the Town of Derby.
The Notice of Condemnation (Defendant's Ex. A) notes the taking to be as of July 17, 1997 and states that the premises taken are on a portion of the owner's land and consists of the following easement and right.
"1. A full and perpetual easement to slope for the safety of the highway and remove, use or retain excavated material and stairs within an area of 800 square feet more or less. . . .
2. A right to grade and construct driveway within an area of 3300 square feet more or less . . . Such temporary right shall terminate automatically upon completion of the work to be performed." (See Defendant's Ex. A) CT Page 11745
In addition, access to and from the plaintiff's property along Sodom and Marshall Lanes was also taken except for the area wherein the reconstructed driveway lies along the northerly boundary line.
All of the above is more particularly described on a Taking Map filed in the Town Clerk's Office in the Town of Derby entitled in part, "Town of Derby Map Showing Easement acquired from Jalowiec Realty Associates by the State of Connecticut Dept. of Transportation The Reconstruction of Marshall Lane and Sodom Lane. . . ." (Exhibit 7)
The Commissioner of Transportation has made an assessment of damages in the amount of $4500.00 which sum has been deposited with the Clerk of the Superior Court for the Judicial District of Ansonia/Milford.
The undersigned Judge Trial Referee has pursuant to statute, heard all of the evidence, received numerous exhibits, visited the subject property and now makes the following determinations.
The property in question consists of 0.19± acres (8, 276± square feet). It is a corner lot located in a R-5 two family residential zone. Located on the site is a two-family residence with a driveway containing two access points and exits directly into the intersection of Sodom Lane and Marshall Lane. The immediate neighborhood to the north contains several two family residences as well as single family residences. To the south is a commercially developed area. All utilities are accessible to the site.
The subject property prior to the taking was attractively landscaped. A group of several deciduous trees acted as a buffer and gave a certain element of privacy to the location. These trees and several shrubs were removed during the course of construction leaving the property somewhat denuded and bare looking. The photographic exhibits presented to the court as well as the Court's own visit to the site, depict that a dramatic change occurred in the appearance of the property with the removal of the trees and shrubs. Prior to the taking of the property, with its clustering of trees and shrubbery, it not only gave a certain degree of privacy to its occupants but it also gave an aesthetic enhancement to those passing by. Subsequent to the taking the property has become exposed to heavy vehicular traffic on both Marshall Lane and Sodom Lane. It has also lost a CT Page 11746 great deal of its aesthetic appeal.
"Under our Constitution, no property shall be taken for a public use without just compensation." Conn. Const. Art. 1, Section 11. This has been interpreted to mean that the condemnee is entitled to receive a fair equivalent in money for the property taken, as nearly as its nature will permit. Schnio v.Commissioner of Transportation, 172 Conn. 427, 431, 374 A.2d 1087
(1977); Calaluca v. Ives, 150 Conn. 521, 539, 191 A.2d 340
(1963). The measure of damages is ordinarily the fair market value of the acquired land on the day of taking. Ibid.". Taudetv. Urban Redevelopment Commission, 179 Conn. 293, 298.
In the case before us only a partial interest in the property was taken, "Damages recoverable for a partial taking are ordinarily measured by determining `the difference between the market value of the whole tract as it lay before the taking and the market value of what remained of it thereafter, taking into consideration the changes contemplated in the improvement and those which are so possible of occurrence in the future that they may reasonably be held to affect market value.'" Cappiello v.Commissioner of Transportation, 180 Conn. 355, 365, 429 A.2d 890
(1980), quoting Lefebvre v. Cox, 129 Conn. 263, 265, 28 A.2d 5
(1942)
Thus "where only a part of a tract of land is taken for the public use, the award will include the value of the part taken as well as any damages visited upon the remainder as a result of the taking." Taudet v. Commissioner of Transportation, supra 298.
In determining the market value of the remainder after a partial taking our Supreme Court has said; "it is proper for the trier to consider all elements which are a natural and proximate result of the taking and which could legitimately affect the price a prospective purchaser would pay for the land." Bower v.Ives, 171 Conn. 231, 236, 368 A.2d 82 (1976). Because fair market value has been defined simply to mean, that price that a willing seller and a willing buyer would agree upon following their negotiations; See Lynch v. West Hartford, 167 Conn. 67, 73,335 A.2d 42 (1974), Uniform Eminent Domain Code Sec. 267; "an appraisal of fair market value should take into consideration that use of the property that would provide a prudent investor the greatest financial return" Taudet v. Commissioner ofTransportation, supra 299, 159 Conn. 407, 411, 270 A.2d 549
(1970), 4 Nichols Eminent Domain (3rd Ed.) Sec. 12.314. CT Page 11747
The plaintiff's appraiser in assessing value has found that the highest and best use of the property as improved is its current use as a two-family residence and found that the highest and best use of the land as vacant would be for the construction of a two-family residence. The defendant has found the highest and best use to be multi family residential.
The Court finds the highest and best use to be its present use as a two-family residential property.
Both parties have used the sales comparison method of evaluation in arriving at their estimates of value for the subject property, and with this the court agrees.
The Department of Transportation in valuing the property considered only comparables of unimproved land. It was their contention the damage was only to the site itself and that the taking had no effect on the improvements. The plaintiff however valued the site as improved and thus considered comparables of property as improved. In addition, to considering the before and after value of the site, he also considered the before and after value of the property as a whole.
While the figures for the site taken as established by both parties differ in amount, the ultimate figure for damage to the site taken is the same, $2800.00. The plaintiff's before value for the site was $30,000.00 and the after value was $27,200.00, for damages to the site of $2,800.00. Before the taking the defendant valued the site at $46,500.00 and after at $43,800.00. From the after value of $43,800.00 the defendant assessed the sum of $1250.00 for the affected landscaping and also the sum of $550.00 representing the cost of a set of concrete stairs that were removed, for a final after total of $42,000.00, thus arriving at their estimated value of the acquisition at $4500.00.
The plaintiff in addition valued the subject property prior to the acquisition at $125,000.00 and the estimated value of the remainder at $113,000.00, thus claiming damages to the remainder to be $12,000.00. The claim for damage to the remainder is based primarily on the loss of "curb appeal" by the removal of the trees and shrubbery. In addition, the plaintiff is claiming $6250.00 for nuisance during construction and temporary construction easement. CT Page 11748
The court does not find the existence of any nuisance during the course of construction. At best there were short periods of inconvenience which the court finds not to be compensable. As for the claim of a temporary construction easement; one never existed. The Notice of Taking, paragraph 2, took "a right to grade and construct driveway within an area of 3300 square feet more or less . . . Said temporary right shall terminate automatically upon completion of the work to be performed." See Notice of Condemnation and Assessment of Damages. Defendants' Exhibit A. It merely gave the defendant the right to go upon the property for the sole purpose of constructing a driveway to replace the one taken as well as to enlarge a parking area.
The Court finds the damages for the perpetual easement to slope for the safety of the highway to be $2800.00.
The plaintiff did present evidence showing the replacement value of said landscaping to be $23,530.00. The correct method of assessing such damages is to determine the effect the removal of the landscaping had on the value of the remainder. The Court finds that to be $12,000.00.
In addition, the plaintiff is claiming $6250.00 for nuisance during construction and a temporary construction easement. The court has dealt with these claims elsewhere in this Memorandum and disallows the same.
The court in summary finds the value of the land before the taking to be $30,000.00 and the value of the land after the taking to be $27,200.00. The value of the property before the taking to be $125,000.00 and after the taking to be $112,450.00.
The Court finds the total damage to the property to be $15,350.00.
While the plaintiff is asking for interest from the date of the taking to the present, at the rate of 10%, the Court must determine what is fair and reasonable. Therefore interest is to be awarded at a rate which is the average for Treasury bills over that period. In addition, the Court awards an appraisal fee in the amount of $2000.00.
Judgment may enter accordingly.
THE COURT CT Page 11749
Curran, J.