DAVID J. RICHARD ET AL. *v.* A. WALDMAN AND
SONS, INC.

KING, C. J., ALCORN, HOUSE, COTTER and THIM, Js.

Argued May 10—decided July 13, 1967

*H. David Leventhal,* with whom was *Herbert A. Krasow,* for the appellant (defendant).

*Waldemar J. Lach,* for the appellees (plaintiffs).

COTTER, J. The plaintiffs, owners of a house and lot in Vernon which they purchased from the defendant corporation, instituted an action in three counts, the first count for rescission, the second count for damages for alleged false representations in connection with the sale of land, and the third

count for breach of the covenants contained in the warranty deed. The first and third counts were withdrawn at the time of trial, and the plaintiffs proceeded on the second count, obtaining a judgment for damages from which the defendant has appealed.

The parties, by written agreement, contracted for the sale and purchase of a lot together with a building then being used as a model home by the defendant, a developer of residential real estate, for sales purposes. The sales agreement was on a printed form prepared and ordinarily used by the defendant in selling residential property, and it contained a provision that the sale was subject to the zoning ordinances. Nine days after the execution of the agreement, the defendant conveyed the real estate to the plaintiffs by warranty deed containing the usual covenants against encumbrances, except those mentioned in the deed, and thereupon the plaintiffs took possession of the property.

At the time of the closing, the defendant delivered to the plaintiffs a plot plan prepared by a registered engineer and land surveyor. This plan showed a sideyard of twenty feet on the southerly boundary of the lot, which was in compliance with the minimum requirements for this lot according to the zoning regulations on file with the town clerk of Vernon. A permit had previously been granted for the construction of the building, consisting of a house with an attached garage, and the survey submitted at the time the defendant made the application indicated that the structure was to be located twenty feet more or less from the southerly property line. Subsequently, a certificate of occupancy was erroneously issued based on the survey submitted by the defendant. Approximately four months after the

delivery of the deed to the plaintiffs, the defendant discovered, when it set pins defining the boundaries of the premises, that the southeast corner of the foundation of the plaintiffs' house was only 1.8 feet from the southerly boundary of the lot. At this time, it was found that trespass upon adjoining property occurred in entering and leaving the plaintiffs' back door and stoop. Prior to this discovery, the parties were unaware that there was a violation of the zoning regulations as to sideyard requirements. The defendant, under a mistaken assumption, had represented by the plot plan that the structure on the lot was twenty feet from the southerly boundary. Unaware of the true fact, the plaintiffs relied on this representation.

The court concluded (1) that the defendant falsely and recklessly represented to the plaintiffs, for the purpose of inducing action, that the premises had a southerly sideyard of twenty feet and that there was no violation of the zoning regulations, and (2) that the plaintiffs were induced to rely on these representations, which were the result of a mistake on the part of the defendant but were not innocent.

The defendant claims that "[a]t most, there was an innocent misrepresentation of fact by the defendant." An innocent misrepresentation may be actionable if the declarant has the means of knowing, ought to know, or has the duty of knowing the truth. 23 Am. Jur. 920, Fraud and Deceit, § 127.

The facts, as properly found, clearly show that the plaintiffs had reasonable grounds upon which to attribute to the defendant accurate knowledge of what it represented as to the location of the structure on the lot. This was a statement of fact about which the defendant, as a developer of residential

real estate, had special means of knowledge, and it was a matter peculiarly relating to its business and one on which the plaintiffs were entitled to rely. *Clark* v. *Haggard,* 141 Conn. 668, 672, 673, 109 A.2d 358; 23 Am. Jur. 920, Fraud and Deceit, § 127. The defendant was commercially involved in and responsible for the preliminary and final plans for building and locating the structure, which was then constructed on the lot by the defendant in a manner which violated the zoning ordinance. Thereafter, the defendant undertook to provide the plaintiffs with a survey and plot plan which erroneously showed a southerly sideyard of twenty feet. Actual knowledge of the falsity of the representation need not be shown under the circumstances, nor must the plaintiffs allege fraud or bad faith. They have alleged all the facts material to support their claim and demand for damages. It is immaterial whether the wrong which can be legally inferred from the facts arises in contract or in tort. The plaintiffs may seek damages resulting from the defendant's misrepresentation and at the same time retain title to the property. *Warman* v. *Delaney,* 148 Conn. 469, 172 A.2d 188. Such a misrepresentation was "in the nature of a warranty" entitling them to a recovery under the contract "as for a breach of warranty." It would be unjust to permit the defendant under these circumstances to "retain the fruits of a bargain induced by" a material misrepresentation upon which the plaintiffs relied. *E. & F. Construction Co.* v. *Stamford,* 114 Conn. 250, 258, 260, 158 A. 551; see 5 Williston, Contracts (Rev. Ed.) § 1510, p. 4217.

The defendant claims that the terms of the sales contract were merged into and superseded by the deed, and thus there can be no action on a breach

of contract. Since this count of the complaint is construed to validly state a cause of action based on a material misrepresentation in the inducement of the contract, it is not concerned in changing the contract in any way. *Warman* v. *Delaney,* supra, 474; 23 Am. Jur. 775, Fraud and Deceit, § 23.

The defendant also claims that there was not a sufficient basis upon which the court could assess damages because the plaintiffs' expert witnesses, who testified as to the value of the plaintiffs' property, failed to make a study of comparable sales of other properties with similar violations. The court found that there was testimony that the value of plaintiffs' property with the inadequate sideyard and zoning violations ranged from $3500 to $21,000, that the value of the property would be $19,805 if it had been as represented, and that it would cost between $4000 and $4500 to relocate the house on the lot in order to comply with the ordinance. None of these findings was challenged. In arriving at the value of property, no one method is controlling, and there is no rule of law that any particular method of valuation must be followed. It is a matter of opinion based on all the evidence and, at best, is one of approximation. It is a question of judicial discretion from all the evidence whether the plaintiffs' expert witnesses specifically should have made a study of comparable sales of other properties similar in nature. The trier may accept or reject the testimony of an expert offered by one party or the other in whole or in part. *National Folding Box Co.* v. *New Haven,* 146 Conn. 578, 585, 586, 153 A.2d 420. There was sufficient evidence which supported the court's finding that the plaintiffs were entitled to a recovery based on the rule that the measure of damages was the difference

between the actual value of the property and the value of the property had it been as represented. *Reed* v. *Rustin,* 375 Mich. 531, 534, 134 N.W.2d 767; *Aczas* v. *Stuart Heights, Inc.,* 154 Conn. 54, 60, 61, 221 A.2d 589; 7 Thompson, Real Property (1962 Repl. Ed.) § 3187, p. 320; 20 Am. Jur. 2d 704 n.7, Covenants, Conditions and Restrictions, § 145.

It is a further claim of the defendant that the plaintiffs should have taken steps in an attempt to minimize their damages by filing an application for a variance of the existing violation on the property. The duty incumbent upon the plaintiffs was to keep the damages as low as reasonably possible, and they were not required to surrender a substantial right of their own in an effort to minimize the loss. *Eastern Sportswear Co.* v. *S. Augstein & Co.,* 141 Conn. 420, 425, 106 A.2d 476; *Camp* v. *Cohn,* 151 Conn. 623, 627, 201 A.2d 187; 22 Am. Jur. 2d 55, Damages, § 33. A zoning variance, even if granted, would still leave the structure on the lot without the adequate sideyard which the parties mistakenly believed existed, not only at the time the sales contract was executed but at the time the warranty deed was delivered and accepted. The plaintiffs acted reasonably under the circumstances, and they were entitled to receive what the parties believed the plaintiffs bought and paid for.

The facts necessary to establish the defendant's liability were alleged in the complaint, and the conclusions of the trial court are amply supported by the facts found.

There is no error.

In this opinion the other judges concurred.