[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Seymour Shapiro and Stanely T. Bergman are trustees for the Seymour Shapiro and Jeffrey H. Shapiro Spray Trust, the owner of 8.2 acres of waterfront land on Riverside Drive in the Town of Clinton. Said land is the site of a 243 ship marina which, in addition to piers, docks and bulkheads contains approximately 28,460 square feet of buildings utilized for a number of marine related businesses including retail outlets and a restaurant. The site also has a swimming pool.
The defendant, town of Clinton, pursuant to General Statutes Sec. 203, in the exercise of its power of taxation conducted a revaluation of all the real and CT Page 5978 personal property in town which revaluation was reflected in the grand list of October 1, 1990. The town engaged the services of Lesher-Glendinning to conduct the revaluation.
Lesher-Glendinning established an assessment value of the plaintiffs' land of $2,669,350, for the buildings thereon $610,920 and for yard items $283,060, each figure representing 70% of the fair market value which totaled 5,090,470.
The plaintiffs appealed this valuation and assessment to the town assessor and to Lesher-Glendinning, seeking a reduction in the determination of fair market value and the resulting assessment. This appeal was denied.
Plaintiffs' appeal from the determination of the assessor and Lesher-Glendinning to the board of tax review resulted in no change in the assessment.
On April 12, 1991, the plaintiffs filed this appeal from the decision of the board of tax review.
After full hearing the court, by a preponderance of the credible relevant and admissible evidence, finds and concludes as follows.
The plaintiffs expert appraiser, Mr. Tom Merola, utilizing the cost approach, the income approach and the market sales approach testified, that in his opinion, the fair market value of the plaintiffs' property, which is more fully described in the complaint, was $3,500,000, as of October 1, 1990.
The defendants' expert, John J. Valente, utilizing the cost approach and the market sales approach testified that in his opinion the fair market value of the plaintiffs' property as of October 1, 1990 was $5,090,000.
In valuating property the trial court is charged with the duty of making an independent valuation of the property involved. F F Realty Co. v. Commission of Transportation, 173 Conn. 247, 253, 377 A.2d 302 (1977). The trier is not limited to arbitrating the differing opinions of the witnesses but is to make determinations in the light of all the circumstances, the evidence and his general knowledge. Pandolphe's Auto Parts, Inc. v. Manchester, 181 Conn. 217, 220, 435 A.2d 24 (1980); Birnbaum v. Ives, 163 Conn. 12, 21, 301 A.2d 262 (1972). The trier may accept or reject the testimony of an expert offered by one party or the other, in whole or in part. Smith v. Smith, CT Page 5979183 Conn. 121, 123, 438 A.2d 847 (1981); Richard A. Waldman Sons, Inc., 155 Conn. 343, 348, 232 A.2d 307 (1967); see also Pandolphe's Auto Parts v. Manchester, supra, 221. Ultimately, the determination of the value of real estate is a matter of opinion, which eventually depends upon the considered judgment of the trial judge who takes into account the different opinions expressed by the various witnesses. Moss v. New Haven Redevelopment Agency, 146 Conn. 421,425, 151 A.2d 693 (1959).
Applying the aforesaid law to the facts and circumstances of this case the court finds that, as of October 1, 1990, the fair market value of the property subject to the appeal is as follows:
 Land $3,300,000 Building 800,000 Out Bldg. 400,000
 Total ___________ $4,500,000
Accordingly, it's adjudged that the true and actual value of the plaintiffs' property on October 1, 1990 and the assessment based upon the assessors determination that all property in the town shall be liable for taxation at 70% of its true and actual value on said assessment date to be as follows:
True and actual value Assessed value
Land $3,300,000 2,310,000 Bldg. 800,000 560,000 Out Bldg. 400,000 280,000 TOTAL 4,500,000 3,150,000
and it is further adjudged that the board of tax review correct the assessment against the applicants accordingly.
SPALLONE STATE TRIAL REFEREE
Judgment Entered in Accordance with Foregoing Memorandum of Decision.
Michael Kokoszka, Chief Clerk