[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs have instituted these tax appeals pursuant to General Statutes Sec. 12-118, claiming that the defendant town overvalued their property on the grand lists of Oct. 1, 1990, Oct. 1, 1991 and Oct. 1, 1992. Although the original complaint limited the appeal to the list of Oct. 1, 1990, the court, upon motion of the plaintiffs' to amend, allowed the complaint to include the subsequent grand lists. Further, all three cases were tried sequentially and the parties stipulated that all relevant and admissible evidence pertinent to any of the cases could be considered by the court, regardless of when, during the course of the trials, such evidence was introduced.
After a full trial the court, by a preponderance of the credible, relevant and admissible evidence finds and concludes as follows.
The plaintiffs are the owners of certain lots and summer cottages located on Cedar Island in the Town of Clinton, Conn. The plaintiffs have limited their tax appeals to the land values only and are not contesting the values attributable to the houses and other improvements on the lots.
The plaintiff Norman V. Voog is the owner of two lots, namely lot #19, fronting Long Island Sound and lot #44 upon which is located a summer cottage. The plaintiff, Robert B. Noble, is the owner of lot #13, upon which is CT Page 9933 located a summer home. The plaintiffs, Carmine Limosani and Kenneth Vulcano, own lot #14 also the site of a summer cottage. All lots are approximately as shown on plaintiffs' exhibit V.
The plaintiffs are properly before this court; having exhausted their administrative remedies before the local boards.
Pursuant to a town wide revaluation, the Clinton assessor, with the assistance of a commercial assessor, revalued the plaintiffs' land as follows:
 Lot. Fair Market Assessment at No. Value 70%
 Norman R. Voog 19 $54,000.00 $37,800.00 44 64,000.00 44,800.00
Robert A. Noble 13 64,000.00 44,800.00
 Carmine Limosani 
Kenneth Vulcano 14 64,000.00 44,800.00
The defendant claims that lot #19 was incorrectly valued because of the inadvertent use of an erroneous factor. The defendants expert testified that the true value of lot #19 should have been $102,000.00.
In valuating property, the trial court is charged with the duty of making an independent valuation of the property involved. E F Realty Co. v. Commissioner of Transportation, 173 Conn. 247, 253, 377 A.2d 302 (1977). The trier is not limited to arbitrating the differing opinions of the witnesses but is to make determinations in the light of all the circumstances, the evidence, and his general knowledge. Pandolphe's Auto Parts, Inc. v. Manchester,181 Conn. 217, 220, 435 A.2d 24 (1989); Birnbaum v. Ives,163 Conn. 12, 21, 301 A.2d 262 (1972). The trier may accept or reject the testimony of an expert offered by one party or the other, in whole or in part. Smith v. Smith, 183 Conn. 121,123, 438 A.2d 847 (1981); Richard v. A. Waldman Sons, Inc., 155 Conn. 343, 348, 232 A.2d 307 (1067); see also Pandolphe's Auto Parts v. Manchester, supra, 221. Ultimately, the determination of the value of real estate is a CT Page 9934 matter of opinion, which eventually depends upon the considered judgment of the trial judge who takes into account the different opinions expressed by the various witnesses. Moss v. New Haven Redevelopment Agency, 146 Conn. 421, 425,151 A.2d 693 (1959).
Guided by the principles of law stated above, and applying them to the facts and circumstances of this case the court finds the issues, in Case No. 61989, Noble v. Town of Clinton; and, in Case No. 61990, Carmine Limosani, et al, for the defendant, Town of Clinton.
Whereupon, it is adjudged that the true and actual value and the assessed value of the plaintiff's lots should be as follows:
 Lot True Assessed Value No. Actual Value 70%
Norman R. Voog 19 $75,000.00 $52,500.00 44 64,000.00 44,800.00
Robert Noble 13 64,000.00 44,800.00 Carmine Limosani 
Kenneth Vulcano 14 64,000.00 44,800.00
With the exception of lot 19, the court agrees with the valuations determined by the assessor to be the true and actual value of the aforesaid premises and the assessed value thereof at 70%.
Accordingly, the Oct. 1, 1990, Oct. 1, 1991, and Oct. 1, 1992 grand list with the exception of lot 19 is to remain as thereon stated. The true and actual value of lot 19 is to be changed to $75,000 and its assessed value to $52,500.
Therefore, judgment, with costs, may enter for the defendant, Town of Clinton against all plaintiffs.
SPALLONE STATE TRIAL REFEREE CT Page 9935