[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On March 31, 1987, the defendant, Lewis Associates II, (Lewis) a general partnership, acting by a general partner Victor J. Buselli, was indebted to the plaintiff, Centerbank, in the sum of $1,000,000.00, evidenced by its promissory note to the plaintiff.
On said date, Lewis, acting by the same general partner, to secure said note, mortgaged to the plaintiff a certain piece or parcel of land situated in the Town of Westbrook, County of Middlesex and State of Connecticut and designated as 533 Boston Post Road and is more fully described in the complaint.
To further secure said note, the defendants, Victor J. Buselli, Norman J. Voog, Walter J. Lewis Jr. and Robert N. Williams, all general partners of Lewis executed a guaranty of said loan.
On May 29, 1991, the court (O'Connell, J.) granted the plaintiffs' motion to substitute CTB Realty Ventures XXIV, Inc., as plaintiff in place of Centerbank.
On June 11, 1991, the court, (O'Connell, J.) entered a judgment of foreclosure by sale in this matter.
On October 21, 1991, the court, (O'Connell, J.) reopened the judgment of foreclosure by sale and reentered a judgment of strict foreclosure setting a law day of November 19, 1991, and subsequent days.
On November 25, 1991, the court, (O'Connell, J.) accepted the parties stipulation, reopened the judgment and extended the law day to August 30, 1992. Included in the stipulation was an agreement to pay the plaintiff the sum of $44,424.00 and that all rental income and use and occupancy payments made by the CT Page 5201 defendant, Thirty-Three Main Street, Inc. would be paid directly to the plaintiff.
On August 24, 1992, the court, (O'Connell, J.) extended the law day to October 30, 1992.
On February 2, 1993, the court, (Walsh, J.) reopened the judgment and extended the law day to March 1, 1993.
In accordance with said judgment of strict foreclosure title vested in the plaintiff, CTB Realty Ventures XXIV, Inc., on March 4, 1993.
On March 30, 1993, the plaintiff, pursuant to Practice Book Section 528, filed a timely motion for a deficiency judgment.
On August 2, 1993, the court, (Walsh, J.) granted the defendant, William's, motion to refer the motion for deficiency judgment to a state trial referee for hearing and judgment.
After a full hearing, based upon a preponderance of the credible, relevant and legally admissible evidence, the court finds, concludes and rules as follows:
On April 8, 1993, the defendant Robert N. Williams filed an objection to the plaintiffs motion for a deficiency judgment. Williams contends that prior to October 6, 1988, he had been a general partner of the defendant Lewis but, on said date, for good and valuable consideration, he withdrew from said partnership. The partnership termination agreement provided, inter alia, that the remaining partners herein, were to hold Williams ". . . harmless for any and all claims . . . including any legal fees and costs reasonably incurred . . . to defend any claims brought by creditors of the aforesaid partnership . . ."
The defendant, Williams did not object to motions extending the law day to November 19, 1991 and converting said judgment to strict foreclosure. Williams does, however, object to any extensions after that date claiming he was not consulted about and did not consent to same.
Williams claims that it would be inequitable if the plaintiff were permitted to obtain a deficiency judgment against him because the plaintiff and the other defendants acted in concert and against the interests of Williams when they jointly CT Page 5202 and without consulting him or gaining his consent agreed to extensions of the law day.
This court denies Williams objection to motion for deficiency judgment. Williams is bound by his original status as a general partner of Lewis and by his guaranty executed March 31, 1987. Certainly, Williams cannot be held liable for any liabilities incurred by the partnership after he withdrew on October 6, 1988, but is jointly severally liable under the mortgage note and deed, dated March 31, 1987, which include all costs of collection including reasonable attorney's fees, and his personal guaranty.
The requests for extension of the law days were all filed by the partnership and the other defendants. The plaintiff bank acted in what is considered to be in its best interest and was not obligated to treat Williams any differently from the other defendants. The plaintiff is under no legal duty to free the defendant Williams from his legal obligations under the note and guaranty and thereby increase the liability of the other defendants in direct proportion to the degree of any lessening of Williams obligation to the bank. Whether Williams may look to the remaining partners, to recover for any losses sustained in this action under his termination agreement, is not before the court at this time.
Accordingly, the court overrules the defendant Williams objection to the plaintiffs motion for a deficiency judgment.
During the course of this hearing, the defendants sought to decrease their obligation under the judgment by claiming that they were entitled to be given credit for rent in the amount of $8,000.00 a week. The stipulation entered into by the parties on November 25, 1991 required the defendants to pay to the plaintiffs the sum of $44,424.00. In addition, "any rental income or use and occupancy payments" were to be made to the plaintiff. The use and occupancy payments of the time of the stipulation were in the amount of $11,106.60 per month. The tenant in possession tendered the plaintiff $8,000.00 per month. The plaintiff refused to accept the $8,000.00 unless certain statements were signed indicating that no rights of any party were altered or waived by acceptance of the $8,000.00 in lieu of the court ordered payments of $11,606.60 per month. The plaintiff held two $8,000.00 payments awaiting such statement which was not forthcoming. In due course the plaintiff returned the $16,000.00 to the tenant. The court finds that the plaintiff CT Page 5203 was under no obligation to collect or accept any payment in the amount of $8,000.00 per month. The court construes the stipulation as granting the plaintiff the right to receive the use and occupancy payments in the amount of $11,106.60 per month. There was no obligation on the part of the plaintiff to enforce collection of the $11,106.60 per month. In fact, at the same time that the plaintiff had the right to the use and occupancy payments, the defendants were in the process of having an appeal dismissed in the Appellate Court for the failure of the Tenant to make the use and occupancy payments, which dismissal was granted. The court expressly rules that the defendants are not entitled for credit against the judgment debt for any $8,000.00 payment not made or made by and returned to the tenant.
When acting on a motion for a deficiency judgment, the court pursuant to Practice Book Section 528, ". . . shall hear the evidence, establish a valuation for the mortgaged property, and shall render judgment for the plaintiff for the difference, if any, between such valuation and the plaintiffs' claim."
The instant motion for a deficiency judgment was timely filed within 30 days after the time limited for redemption had expired, thereby conforming to the mandates of General Statute Section 49-14(a).
The court heard the evidence of two appraisers, both qualifying as experts.
Stephen P. Smith, testifying as an expert for the plaintiff valued the foreclosed premises at $935,000.00. Robert J. Nocera, the defendant's expert valued the same premises at $1,300,000.00 In evaluating real property, the trial court is charged with the duty of making an independent evaluation of the property involved. E F Realty Co. v. Commission of Transportation,173 Conn. 247, 253, 377 A.2d 302 (1977). The trier is not limited to arbitrating the differing opinions of witnesses but is to make a determination in light of all the facts and circumstances,Pandolphe's Auto Parts, Inc. v. Manchester, 181 Conn. 217, 220,435 A.2d 24 (1980); Birnbaum v. Ives, 163 Conn. 12, 21,301 A.2d 262 (1972). The tier may accept or reject the testimony of an expert, offered by one party or the other, in while or in part,Smith v. Smith, 183 Conn. 121, 123, 438 A.2d (1981); Richard v.A. Waldman Sons, Inc., 155 Conn. 343, 348, 232 A.2d 307 (1967); see also Pandolphe's Auto Parts, Inc., v. Manchester, supra, 221. Ultimately, the determination of value of real estate is a matter CT Page 5204 of opinion, which eventually depends upon the considered judgment of the trial judge who takes into account the different opinions expressed by the various witnesses. Moss v. New HavenRedevelopment Agency, 146 Conn. 421, 425, 151 A.2d 693 (1959). See also, Filipetti v. Filipetti, 2 Conn. App. 456, 459 (1984).
Guided by the principles of law enunciated above and applying them to the facts and circumstances in this case, the court finds that, on March 4, 1993, the value of the property, subject to the foreclosure, was in the amount of $1,250,000.00
Further, the court allows the plaintiffs' claims in the following amounts:
 Judgement debt as of June 1, 1991 $1,111,433.57 Less payment to plaintiff 44,424.28 ------------- SUB TOTAL 1,067,009.29 Plus interest to date of title vesting 179,629.25 Real Estate taxes 58,611.75 Costs on original judgment 6,027.80 ------------- TOTAL DEBT 3/4/93 1,311,278.09 Value of property as found after hearing 1,250,000.00 ------------- 61,278.09
Accordingly, a deficiency judgment may enter for the plaintiff to recover of the defendants the sum of $61,278.09, plus reasonable attorneys fees of $3,500.00, plus an appraisal fee of $2,500.00, plus interests and costs.
SPALLONE STATE TRIAL REFEREE
Judgment to enter in accordance with foregoing Memorandum of Decision.
Felicia Santostefano, Assistant Clerk