[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
The plaintiff, Robert Went, has instituted this action in which he seeks damages for wrongful termination of his employment with Philips Medical Systems. The plaintiff has named as defendants Philips Medical Systems, Richard Whittington, George Ward, and North American Philips Corp. The plaintiff now agrees that he has no case against Richard Whittington, George Ward, and North American Philips.
Also, the plaintiff has filed a complaint consisting of six counts. He has agreed that judgment should enter for the defendants on the second, third, fourth and fifth counts. Therefore, the court is left to consider the defendants' motion for summary judgment with respect to the first count (breach of implied contract) and the sixth count (negligent misrepresentation).
First Count
In the first count of the complaint, the plaintiff alleges that there existed an implied contract of employment between he and Philips that he would retain his job so long as he performed satisfactorily. The plaintiff claims that the implied contract arose from certain oral statements made by representatives of the defendant. At oral argument, the plaintiff indicated that his was relying on any handbook or manual in support of his claim of an implied contract.
Unless an employee has a contract for a specified term, such employee is an employee at will and can be terminated at any time without cause. Morris v. Hartford Courant co. [Co.], 200 Conn. 676
(1986). "A contract implied in fact, like an express contract, depends on actual agreement." D'Ulisse-Cupo v. Board of Directorsof Notre Dame High School, 202 Conn. 206, 211 n. 2 (1987). To prevail, the plaintiff must allege and prove that by words or conduct the defendant had undertaken some form of actual contract commitment pursuant to which he could not be terminated without just cause. Coelho v. Posi-Seal International, Inc., 208 Conn. 106,112 (1988). CT Page 9650
Whether the parties, by their words or acts, intended such a contractual commitment is usually a question of fact left for resolution by the trier, unless such conclusion could not reasonably be reached by the trier under the evidence presented.Barry v. Posi-Seal International, Inc., 36 Conn. App. 16 (1994).
The court must therefore review the oral statements upon which the plaintiff relies in order to determine if such statements can, as a matter of law, form the basis of a determination by the trier of fact that an implied contract of employment existed between the parties other than a contract terminable at will by either party.
The plaintiff testified at his deposition concerning conversations with many of the defendant's officers prior to his accepting employment. He testified that those conversations dealt primarily with his background and qualifications, the job requirements, and the state of the project with which he would become involved if hired. The defendant states in its brief that at no time prior to being offered employment was there any promise made concerning the duration of the plaintiff's employment or concerning any limitation on the defendant's right to terminate his employment. A review of the transcript of the plaintiff's deposition supports that claim.
The plaintiff correctly points out in his brief that during his pre-employment interviews he was made to believe that the project for which he was to be hired was a viable one.
The plaintiff relies on a number of statements made by officers of the defendant from which he claims a trier could find that the parties intended to enter into an employment contract for a specified term. All of these statements were, however, subsequent to the commencement of the plaintiff's employment. For example, the plaintiff was told by Dr. Angus (VP of Development) that his hiring was part of a "grand plan." He was told that the Shelton plant would remain open and that his department would continue. People who were involved in a certain project which no longer existed were not fired but reassigned. Dr. Angus told the plaintiff "that Philips does not get rid of good people and not to worry about it, continue doing a good job."
In the opinion of the court, the plaintiff has pointed to no words or conduct from which a trier of fact could conclude that the defendant had undertaken a contractual commitment pursuant to which he could not be terminated without just cause. Compare Barry v.CT Page 9651Posi-Seal supra, (oral statements sufficient to form the basis of a contract in combination with provisions in a written personnel manual outlining methods for terminating an employee for cause).
Sixth Count
In the sixth count of the complaint, the plaintiff alleges that the defendant, through its agents and servants, negligently misrepresented its employment philosophy to the plaintiff, i.e., by continuously communicating, promoting, and extolling the virtues of long term employment and permanent employment, inducing him to rely thereon, causing him harm. The plaintiff claims that he relied upon these statements in accepting employment with, and staying with the defendant.
The cause of action in negligent misrepresentation is set forth in Sec. 552 of the Restatement Second of Torts (1979): "One who, in the course of his business, profession or employment . . . supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to thereby their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information." An innocent misrepresentation of fact may be actionable if the declarant has the means of knowing, ought to know, or has the duty of knowing the truth.Richard v. A. Waldman Sons, Inc., 155 Conn. 343 (1967).
For the plaintiff to succeed in a cause of action for negligent misrepresentation, he need not prove that the statements were promissory in nature, but that they contained false information that the plaintiff relief upon. D'Ulisse-Cupo v. Boardof Directors of Notre Dame High School, 202 Conn. 206, 218 (1987).
A review of the plaintiff's deposition indicates that he will testify that his hiring was in connection with a viable project which was an important part of the company. He was told that Philips did right by its employees and did not get rid of good people, et cetera. He will also claim that he was led to believe that so long as he kept his head down and his nose clean he would keep his job. Many of these alleged statements were claimed to have been made in response to the plaintiff expressing concerns as to continued employment if the project with which he was associated failed.
It is the opinion of the court that there exists questions of CT Page 9652 fact with respect to the plaintiff's claim of negligent misrepresentations which of course cannot be resolved in a motion for summary judgment. Whether the plaintiff can prove that such statements were made, that they were false, that those making them did so negligently, and that the plaintiff relied upon them to his detriment, remains to be seen. However, on the sixth count, the, plaintiff is entitled to his day in court.
Therefore, the defendants' motion for summary judgment is granted on all counts as to the defendants Richard Whittington, George Ward and North American Philips Corp. As to the defendant Philips Medical Systems, the defendants' motion for summary judgment is granted as to the first, second, third, fourth and fifth counts, and denied as to the sixth count.
Thompson, J.