[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a tax appeal from a Decision of the Board of Tax Review, Town of Deep River, challenging the validity of the assessment of the value of real estate known as 38 Brockway Ferry Road, Deep River, Connecticut.
After evidentiary hearing, based upon a preponderance of the relevant, credible and legally admissible evidence the court concludes and rules as follows:
On or about October 1, 1992, the plaintiffs, Scotty and Daniel J. Block were the owners of the subject premises as aforesaid.
Prior to said date, the Town of Deep River had conducted a revaluation of all real properties within its municipality and included therein the real estate subject to this appeal.
As of the grand list of October 1, 1992 the defendants' assessors had assessed the fair market value of said premises at $944,900 including land and buildings which carried over to the grand list of October 1, 1993 and October 1, 1994.
The plaintiffs appealed to the Board of Tax Review and said body denied said appeal. This appeal followed.
At the hearing before this court the plaintiffs' expert appraiser, Francis Buckley, III utilizing the comparable sales and cost approaches held the opinion that the real property at 38 Brockway Ferry Road had a fair market value as of October 1, 1992 of $600,000 for land and improvements thereon.
The defendant's expert appraiser, Stephen Flanagan, utilizing the comparable sales approach held the opinion that the real property at 38 Brockaway [Brockway] Ferry Road had a fair market value as of October 1, 1992 of $900,000 land and improvements.
In the valuation of property, the trial court is charged with the duty of making an independent valuation of the property involved E F Realty Co. v. Commission of Transportation,173 Conn. 247, 253 (1977). The trier is not limited to arbitrating the differing opinions of the witnesses but is to make determinations CT Page 5829 in light of all the circumstances, the evidence and his general knowledge. Pandolphe's Auto Parts, Inc. v. Manchester, 181 Conn. 217,220 (1980); Birnbaum v. Ives, 163 Conn. 12, 21 (1972). The trier may accept or reject the testimony of an expert, offered by one party or another, in whole or in part. Smith v. Smith,183 Conn. 121, 123 (1981); Richard v. A. Waldman Sons, Inc.,155 Conn. 343, 348 (1967); See Pandolphe's Auto Parts v. Manchester,
supra 221. Ultimately, the determination of the value of real estate is a matter of opinion, which eventually depends upon the considered judgment of the trial judge who takes into account the different opinions expressed by the various witnesses. Moss v. NewHaven Redevelopment Agency, 146 Conn. 421, 425 (1959).
Applying the aforesaid law to the facts and circumstances of this case, the court finds that, as of October 1, 1992, the Fair Market Value of the plaintiffs' property, subject to this appeal is:
 LAND $600,000 BUILDINGS 260,000 -------- $860,000
Therefore, it is adjudged that the true and actual value of the plaintiffs' property, on October 1, 1992, and the assessment based on the Assessor's determination that all property is said Town shall be liable for taxation at 70% of its true and actual value on said assessment date to be as follows:
 True and Actual Value Assessed Value
LAND $600,000 LAND $420,000 BUILDINGS BUILDINGS IMPROVEMENTS 260,000 IMPROVEMENTS 182,000 -------- -------- $860,000 $602,000
and it is ordered that the Board of Tax Review correct the assessment against the plaintiffs' on the Grand Lists of October 1, 1992, October 1, 1993 and October 1, 1994, and if necessary, refund any excess taxes paid.
Judgment may enter for the plaintiffs sustaining their appeal. Plaintiffs are awarded costs.
HIGGINS, JUDGE CT Page 5830
Judgment to enter in accordance with Foregoing Memorandum of Decision.
Jonathan Field, Deputy Chief Clerk