[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a tax appeal, from a decision the defendant's Board of Tax Review, challenging the validity of the assessment laid against real estate located in the Town of Clinton.
After a full hearing, the parties present or represented by counsel, based upon a preponderance of the credible, relevant and legally admissible evidence, the court finds, determines and rules as follows:
On or about October 1, 1990, the plaintiff, David Zadek, was the owner of certain premises known as 15 East Walk, Clinton, Connecticut.
Prior to October 1, 1990, the Town of Clinton, pursuant to CT Page 6721 General Statute Section 12-62, conducted a revaluation of all real property within its jurisdiction and included therein the real estate subject to this appeal.
As of the grand list of October 1, 1990 the defendant's Assessor increased the Fair Market Value of said real estate to $207,000.00, including land and buildings.
The plaintiff appealed to the Board of Tax Review, which board, by decision, dated March 14, 1991, denied a change in assessment. This appeal followed.
At trial, the plaintiff's expert appraiser, Bedford Byron, utilizing the comparable sales, opined that the real property at 15 East Walk had a Fair Market Value of $150,800.00, land and improvements.
The defendant's expert appraiser, John J. Valente, based upon the direct sales comparison and the cost approach, testified that he found the Fair Market Value of 15 East Walk to be $207,000.00, land and improvements.
In valuating property, the trial court is charged with the duty of making an independent valuation of the property involved.E F Realty Co. v. Commissioner of Transportation, 173 Conn. 247,253, 377 A.2d 302 (1977). The trier is not limited to arbitrating the differing opinions of the witnesses but is to make determinations in the light of all the circumstances, the evidence and his general knowledge. Pandolphe's Auto Parts, Inc.v. Manchester, 181 Conn. 217, 220, 435 A.2d 24 (1980); Birnbaumv. Ives, 163 Conn. 12, 21, 301 A.2d 262 (1972). The trier may accept or reject the testimony of an expert, offered by one party or another, in whole or in part. Smith v. Smith, 183 Conn. 121,123, 438 A.2d 847 (1981); Richard V.A. Waldman Sons, Inc.,155 Conn. 343, 348, 232 A.2d 307 (1967); see also Pandolphe's AutoParts v. Manchester, supra, 221. Ultimately, the determination of the value of real estate is a matter of opinion, which eventually depends upon the considered judgment of the trial judge who takes into account the different opinions expressed by the various witnesses. Moss v. New Haven Redevelopment Agency, 146 Conn. 421,425, 151 A.2d 693 (1959).
Applying the aforesaid law to the facts and circumstances of this case, the court, in agreement with the assessment of the Town of Clinton finds the true and actual value of the property, CT Page 6722 subject to this appeal, as of October 1, 1990 to be $207,000.00, land and improvements and the assessed value, at 70%, to be $144,720.00, land and improvements
Accordingly, judgment may enter for the defendant, Town of Clinton, against the plaintiff, David Zadek, dismissing the appeal and for costs of suit.
SPALLONE STATE TRIAL REFEREE
Judgment entered in accordance with Foregoing Memorandum of Decision.
Jonathan W. Field, Deputy Chief Clerk