[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a tax appeal, from a decision the defendant's Board of Tax Review, challenging the validity of the assessment laid against real estate located in the Town of East Hampton.
After a full hearing the parties present or represented by counsel based upon a preponderance of the credible relevant and legally admissible evidence, the court finds, determines and rules as follows: CT Page 1178
On or about October 1, 1992, the plaintiff Robert K. Eliason, was the owner of certain premises known as 85 Spellman Point, East Hampton, Connecticut.
On October 1, 1992, said property was valued by the Town Assessor at a Fair Market Value of $229,900.00, including land and improvements.
The plaintiff's appealed to the Board of Tax Review, which board, by decision dated March 26, 1993, notified the applicant that they did not change the valuations. This appeal followed.
At trial, the plaintiff's expert appraiser, R.A. Pfeifer, Jr., utilizing the comparable sales approach valued the real property subject to this appeal, at a Fair Market Value of $190,000.00 land and improvements.
The defendant's Town Assessor testified that she found the Fair Market Value of the subject property at $229,900.00, land and improvements.
In valuating property, the trial court is charged with the duty of making an independent valuation of the property involved.E F Realty Co. v. Commissioner of Transportation, 173 Conn. 247,253, 377 A.2d 302 (1977). The trier is not limited to arbitrating the differing opinions of the witnesses but is to make determinations in the light of all the circumstances the evidence and his general knowledge. Pandolphe's Auto Parts, Inc.v. Manchester, 181 Conn. 217, 220, 435 A.2d 24 (1980); Birnbaumv. Ives, 163 Conn. 12, 21, 301 A.2d 262 (1972). The trier may accept or reject the testimony of an expert offered by one party or another in whole or in part. Smith v. Smith, 183 Conn. 121,123, 438 A.2d 847 (1981); Richard v. A. Waldman Sons, Inc.,155 Conn. 343, 348, 232 A.2d 307 (1967); see also Pandolphe's AutoParts v. Manchester, supra, 221. Ultimately, the determination of the value of real estate is a matter of opinion, which eventually depends upon the considered judgment of the trial judge who takes into account the different opinions expressed by the various witnesses. Moss v. New Haven Redevelopment Agency, 146 Conn. 421,425, 151 A.2d 693 (1959).
Applying the aforesaid law to the facts and circumstances of this case the court finds the true and actual value of the property, subject to this appeal, as of October 1, 1992 to be, land at $126,900.00, dwelling at $83,000.00 for a total of CT Page 1179 $209,900.00, which assessed at 70% of value totals $146,930.00, and it is ordered that the Board of Tax Review correct the assessment against the plaintiff on the Grand Lists of October 1, 1992, October 1, 1993, October 1, 1994, and October 1, 1995, and, if necessary, to refund any excess taxes paid by the plaintiff.
Accordingly, judgment may enter for the plaintiff, sustaining the appeal, plus costs of suit.
SPALLONE STATE TRIAL REFEREE