CHARLES G. GIBSON ET AL. *v.*
JOHN A. CAPANO ET AL.
(13625)

O'Connell, Foti and Hennessy, Js.

Argued November 28, 1995—officially released June 4, 1996

*Alan R. Spirer,* for the appellants (defendants).

*Lois M. Lyons-Gibson,* for the appellees (plaintiffs).

HENNESSY, J. The defendants, John A. Capano and Maria Capano, appeal from the judgment rendered in favor of the plaintiffs, Charles G. Gibson and Lois Gibson, after a trial before a jury. The plaintiffs brought the complaint in two counts, alleging fraudulent misrep-

resentation and innocent misrepresentation in the context of their purchase of a house from the defendants. The defendants claim that the trial court improperly (1) denied the defendants' motion for a directed verdict regarding the claim of innocent misrepresentation, (2) denied the defendants' motion for judgment notwithstanding the verdict, (3) denied the defendants' motion for remittitur, (4) denied the defendants' motion to set aside the verdict, and (5) rendered judgment on the jury's verdict without deducting the amounts the plaintiffs received from settlement with the former defendants, Home Maintenance, Inc., and Carl Fritz, doing business as A & A Exterminating. We agree with the defendants that the trial court improperly denied the defendants' motion for a directed verdict regarding the claim of innocent misrepresentation and reverse the judgment on that ground.

At the close of the plaintiffs' case, the trial court denied the defendants' motion for a directed verdict on the issue of innocent misrepresentation. At the end of the case, the defendants moved for a judgment notwithstanding the verdict on the same issue. "Our review of the trial court's refusal to direct a verdict requires us to consider the evidence in the light most favorable to the prevailing party, according particular weight to the congruence of the judgment of the trial judge and the jury, who saw the witnesses and heard their testimony . . . . The verdict will be set aside and judgment directed only if we find that the jury could not reasonably and legally have reached [its] conclusion." (Internal quotation marks omitted.) *Stewart* v. *Federated Dept. Stores, Inc.*, 234 Conn. 597, 610, 662 A.2d 753 (1995).

The evidence, viewed in the light most favorable to the plaintiff, establishes the following: The defendants owned and resided in a house in Norwalk from 1980 until January 17, 1987. While the defendants resided in

the house, the defendant John A. Capano performed extensive remodeling and redecorating, which gave him access to the inside of many of the walls. On December 7, 1986, the plaintiffs entered into a binder agreement with the defendants for the purchase of the house. The agreement provided that the sale was conditioned on satisfactory building and termite inspections.[1] By December 12, 1986, both the building and termite inspections had been performed. As a result of the termite inspection, the plaintiffs learned that the house had earlier been treated for termites. The plaintiffs then asked the defendants about the nature and extent of the earlier termite treatment and whether the chemical chlordane had been used to treat the premises for the termites. The defendant John A. Capano replied: "The only place that I saw any termite damage was in the area that I took the door out of that side wall of the dining room. There was slight damage in the area of the door sill. It started and stopped right there. It didn't go any further, and we did lots of work here. And that is the only place that I saw any damage." With respect to the chlordane, the defendants told the plaintiffs that they did not have to worry about that because they had contacted the treating company and chlordane had not been used. The plaintiffs purchased the house and later discovered extensive termite damage and that chlordane had been used.

The plaintiffs brought a two count complaint alleging fraudulent misrepresentation and innocent misrepresentation. The jury returned a verdict for the defendants on the fraudulent misrepresentation count and in favor of the plaintiffs on the innocent misrepresentation

---

[1] The plaintiffs filed actions against Home Maintenance, Inc., claiming negligence in its inspection of the premises, and Carl Fritz, doing business as A & A Exterminating, claiming negligence in conducting its termite inspection of the premises. The plaintiffs settled those actions in exchange for total payments of $104,000.

count. The jury answered the following interrogatories concerning the innocent misrepresentation issue in the affirmative: "Have the [plaintiffs] proven by a fair preponderance of the evidence all of the following: 1. The [defendants], in selling the property to the [plaintiffs], made a representation of material fact; 2. The representation was made for the purpose of inducing the [plaintiffs] to purchase the property; 3. The representation was not true; 4. The [plaintiffs] relied upon the misrepresentation; 5. The [plaintiffs] were justified in relying upon the representation?"

The defendants argue that the trial court should have directed judgment in their favor because the tort of innocent misrepresentation requires that the seller making the representation be more than a mere homeowner, i.e., the seller must possess a special means of knowledge. Therefore, they argue that the jury could not have reasonably and legally concluded that the defendants were more than mere homeowners. This issue requires us to examine the legal requirements of a claim of innocent misrepresentation and, specifically, the element of justifiable reliance.

The defendants' claim that innocent misrepresentation does not apply to mere homeowners focuses on the jury's finding that the plaintiffs justifiably relied on the misrepresentation. In the case of *Richard* v. *A. Waldman & Sons, Inc.*, 155 Conn. 343, 346, 232 A.2d 307 (1967), our Supreme Court framed this question as whether "the [plaintiff] had reasonable grounds to attribute to the defendant[s] accurate knowledge of what it represented . . . ." Our Supreme Court evinced a similar test in *Johnson* v. *Healy*, 176 Conn. 97, 103, 405 A.2d 54 (1978), when it concluded that the defendant's false statement "could reasonably have been heard by the plaintiff as an assertion that the defendant had sufficient factual information to justify his general opinion about the quality of the house." An innocent misrep-

resentation is actionable when the declarant "has the means of knowing, ought to know or has the duty of knowing the truth." *Richard* v. *A. Waldman & Sons, Inc.*, supra, 346; see *Johnson* v. *Healy*, supra, 101.

In both *Richard* v. *A. Waldman & Sons, Inc.*, supra, 155 Conn. 346–47, and *Johnson* v. *Healy*, supra, 176 Conn. 102–103, our Supreme Court relied on the specialized knowledge of the defendants to conclude that the reliance was justified. In *Richard* v. *A. Waldman & Sons, Inc.*, supra, 346–47, the court held that the statement on which the defendant relied "was a statement of fact about which the defendant, as a developer of residential real estate, had special means of knowledge, and it was a matter peculiarly relating to its business and one on which the plaintiffs were entitled to rely." The court further noted the defendant's extensive commercial involvement concerning the issue about which it had made the misrepresentation. Id., 347. In *Johnson* v. *Healy*, supra, 102–103, our Supreme Court concluded that "[a]lthough the defendant vendor had built no houses other than this one, this information was not disclosed to the buyer until the sale had been concluded; the defendant had been otherwise engaged in the real estate business for about thirty years."

In the case before us, the plaintiffs relied on the defendants' statements that they saw termite damage only in one place and that chlordane had not been used. They claim that they justifiably relied on this assertion because the defendants had the means of knowing the truth as a result of the substantial work that they had performed throughout the house. These facts alone, however, do not support the specialized knowledge requirement of a cause of action for innocent misrepresentation. The plaintiffs did not produce evidence that the defendants held themselves out to have specialized knowledge in the area of detecting termites or termite damage or in the use of pest control chemicals. The

plaintiffs failed to allege or prove that the defendants' statement concerning the termites was anything more than a lay opinion concerning termite activity. Furthermore, the assertion concerning the chemicals was made in the context of having contacted an expert on that issue. These facts do not support a claim that the defendants had a specialized knowledge of whether chemicals were used.

The plaintiffs' argument relies primarily on the case of *Strickland* v. *Vescovi*, Superior Court, judicial district of New London, Docket No. 058673 (November 26, 1985) (12 Conn. L. Trib. No. 11, p. 21 [1986]).[2] The plaintiffs argue that *Strickland* stands for the proposition that innocent misrepresentation applies to mere homeowners. This reliance is misplaced. In *Strickland*, the defendants had sold a house to the plaintiffs representing that it could be occupied legally by two families. Id. The defendants had rented the property as a two-family house for approximately fifteen years. Id. After the plaintiffs purchased the house, they learned that the house was in a one-family residential zone. Id. The trial court, *Berdon, J.*, held that a cause of action for innocent misrepresentation existed. Id. In *Strickland*, the court found that it was without dispute that the defendants had leased the property to others over a period of fifteen years. Id. Under those circumstances, *Strickland* is consistent with the proposition that a specialized knowledge is required for the tort of innocent misrepresentation. The buyer, therefore, could justifiably rely on the seller's statements concerning the renting of the premises.

The plaintiffs also rely on *Warman* v. *Delaney*, 148 Conn. 469, 172 A.2d 188 (1961), for the proposition that

[2] While we do not ordinarily cite Superior Court cases, we do so here because the plaintiffs rely primarily on *Strickland* v. *Vescovi, supra*, to support their argument.

innocent misrepresentation applies to mere homeowners. *Warman* is not applicable here because that action was decided on the basis of fraudulent misrepresentation. Id., 473–74. In this case, the jury found in favor of the defendants on the fraudulent misrepresentation count.

We conclude that the jury could not reasonably and legally have reached its conclusion that the plaintiffs justifiably relied on the defendants' statements concerning termite activity and the use of chlordane because the plaintiffs failed to produce evidence that the defendants possessed a specialized knowledge of termite detection or determining termite damage or the use of pest control chemicals. As a result of the plaintiffs' failure to prove that the defendants possessed a specialized knowledge, the claim of innocent misrepresentation must fail and the defendants' motion for a directed verdict should have been granted.

Because we remand this case to the trial court with direction to set aside the jury's verdict on the innocent misrepresentation count and to render judgment for the defendants on that count, we do not reach the defendants' remaining claims.

The judgment of the trial court with respect to the innocent misrepresentation count is reversed and the case is remanded with direction to grant the defendants' motion to set aside the verdict and to render judgment for the defendants.

In this opinion the other judges concurred.