[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from a decision of the Board of Tax Review of the Town of Essex and is taken pursuant to Gen. Stat. Secs. 12-117a. The plaintiff, Essex Meadows, Inc., on October 1, 1992 (the Assessment Date), and at all relevant times herein, including without limitation on October 1, 1989, was the owner of certain real property together with improvements thereon located within the Town of Essex and known as 30 Bokum Road, Essex, Connecticut.
The Assessor of the Town of Essex valued the property as of October 1, 1989 as follows:
FAIR MARKET VALUE ASSESSED VALUE AT 70%
Land $ 1,451,300.00 $ 1,015,910.00
Bldg. 23,786,643.00 16,650,650.00
Total 25,237,943.00 17,666,560.00
The Assessor of the Town of Essex valued the property on the assessment date (October 1, 1992) as follows:
FAIR MARKET VALUE ASSESSED VALUE AT 70%
Land $ 1,451,300.00 $ 1,015,910.00
Bldg. 23,791,114.00 16,653,780.00 CT Page 464
Total 25,242,414.00 17,669,690.00
At trial, the plaintiff's expert appraiser, Michael J. Boehm, opined the property, subject of this appeal, had a Fair Market Value, as of October 1, 1989, of $16,125,000.00.
The defendant's expert appraiser, Robert J. Flanagan, appraised the same property at $26,538,000.00.
In valuating property, the trial court is charged with the duty of making an independent valuation of the property involved.E F Realty v. Commission of Transportation, 173 Conn. 247, 253,377 A.2d 302 (1977). The trier is not limited to arbitrating the differing opinions of the witnesses but is to make determinations in the light of all the circumstances, the evidence, and his general knowledge. Pandolphe's Auto Parts. Inc. v. Manchester,181 Conn. 217, 220, 435, A.2d 24 (1980); Birnbaum v. Ives, 163 Conn. 12, 21,301 A.2d 262 (1972). The trier may accept or reject the testimony of an expert, offered by one party or the other, in whole or in part. Smith v.Smith, 183 Conn. 121, 123, 438, A.2d 847 (1981); Richard v. A. Waldman Sons. Inc., 155 Conn. 343, 348, 232 A.2d 307 (1967); see also Pandolphe'sAuto Parts, Inc. v. Manchester, supra, 221. Ultimately the determination of the value of real estate is a matter of opinion, which eventually depends upon the considered judgment of the trial judge who takes into account the different opinions expressed by the various witnesses. Moss v. New HavenRedevelopment Agency, 146 Conn. 421, 425, 151, A.2d 693 (1959).
Guided by the principles of law enunciated in the aforesaid cases and applying them to the facts and circumstances in this case, the court, in agreement with the Assessor of the Town of Essex, finds the values of the property to be as follows:
FAIR MARKET VALUE ASSESSED VALUE AT 70%
Land $ 1,451,300.00 $ 1,015,910.00
Bldg. 23,791,114.00 16,653,780.00
Total 25,242,414.00 17,669,690.00
Accordingly, judgment may enter for the defendant, Town of Essex, dismissing the plaintiff's, Essex Meadows, Inc., appeal, with cost of suit.
Daniel Spallone Judge Trial Referee CT Page 465