[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This tax appeal impacts two sections of a partially finished condominium complex located in East Haddam, Connecticut and known as Banner Village. CT Page 518
After a full trial to the court, the parties present and/or represented by counsel, the court, based upon a preponderance of the credible, relevant and legally admissible evidence and the logical, rational and reasonable inferences to be drawn therefrom, finds, determines and rules and follows:
The plaintiff, Williams Associates IV, on October 1, 1993 and thereafter, was taxed as the owner of certain land with the improvements thereon, located in the Town of East Haddam, Connecticut, known and described as Sections C and D, Unit Nos. C-1, C-2, C-3, C4, C-5, C-6, C-7, C-8, C-9, C-10, C-11, C-12, C-14, 14, C-15, C-16; also Unit Nos. D, D-2, D-3, D4, D-5, D-6, D-7, D-9, D-10, D-11, D-12 and D-14 through D-39, inclusive, as shown on a map entitled, "Map of a Portion of Property of the Banner Lodge Co. Showing Proposed Planned Rec. Dev. East Haddam, Conn. Scale 1' = 100' Rev. 8/31/78 Rev. 2/6/79 Rev. 6/8/79 M.D. Helfgott P.E.L.S. Middletown, Conn.," which map is on file in the office of the East Haddam Town Clerk.
The Assessor of the Town of East Haddam, for the grand list of October 1, 1993 valued the aforesaid property at the fair market value $517,700 and set the assessment thereof at 70% or $362,390. The plaintiff's timely appeal to the Board of Tax Review resulted in no changes by said Board to the Assessors valuation. This appeal follows.
At the commencement of the trial, the defendant, town, as to the list of October 1, 1992, determined not to contest the plaintiffs valuation of the subject property at $264,849.00 with and assessment, at 70%, of $185,394.00.
Trial proceeded contesting the valuation of October 1, 1994, and subsequent years as amended.
Plaintiff's expert testified the fair market value of the subject property to be, as of October 1, 1994, $227,296.00 with the assessed value at 70%, of $159,107.00.
Defendant's expert testified the fair market value of the subject property to be $889,320.00, as of October 1, 1994, with the assessed value, at 70%, of $625,740.00.
In valuating property, the trial court is charged with the duty to making an independent valuation of the property involved.E F Realty v. Commission of Transportation, 173 Conn. 247, 253, CT Page 519377 A.2d 302 (1977). The trier is not limited to arbitrating the differing opinions of the witnesses but is to make determinations in the light of all the circumstances, the evidence, and his general knowledge. Pandolphe's Auto Parts, Inc. v. Manchester,181 Conn. 217, 220, 435, A.2d 24 (1980); Birnbaum v. Ives,163 Conn. 12, 21, 301 A.2d 262 (1972). The trier may accept or reject the testimony of an expert, offered by one party or the other, in whole or in part. Smith v. Smith, 183 Conn. 121, 123,438 A.2d 847 (1981); Richard v. A. Waldman Sons, Inc., 155 Conn. 343,348, 232 A.2d 307 (1967); see also Pandolphe's Auto Parts, Inc.v. Manchester, supra, 221. Ultimately the determination of the value of real estate is a matter of opinion, which eventually depends upon the considered judgment of the trial judge who takes into account the different opinions expressed by the various witnesses. Moss v. New Haven Redevelopment Agency, 146 Conn. 421,425, 151 A.2d 693 (1959).
Guided by the principles of law enunciated in the foregoing cases and applying them to the facts and circumstances in this case, the court, in agreement with the Assessor, finds the fair market value and the assessment of the property subject to this appeal to be as follows:
UNIT NUMBER TRUE ACTUAL VALUE ASSESSMENT AT 70%
#C-1 $25,290.00 $17,700.00
#C-2 $23,400.00 $16,380.00
#C-3 $25,500.00 $17,850.00
#C-4 $28,380.00 $19,870.00
#C-5 $33,750.00 $23,630.00
#C-6 $33,750.00 $23,630.00
#C-7 $33,750.00 $23,630.00
#C-8 $33,750.00 $23,630.00
#C-9 $39,850.00 $27,900.00
#C-10 $28,380.00 $19,870.00 CT Page 520
#C-11 $28,380.00 $19,870.00
#C-12 $42,530.00 $29,770.00
#C-14 $42,530.00 $29,770.00
#C-15 $42,530.00 $29,770.00
#C-16 $42,530.00 $29,770.00
#D-1 $3,500.00 $2,450.00
#D-2 $3,500.00 $2,450.00
#D-3 $3,500.00 $2,450.00
#D-4 $3,500.00 $2,450.00
#D-5 $3,500.00 $2,450.00
#D-6 $3,500.00 $2,450.00
#D-7 $3,500.00 $2,450.00
#D-9 $3,500.00 $2,450.00
#D-10 $24,270.00 $16,990.00
#D-11 $3,500.00 $2,450.00
#D-12 $3,500.00 $2,450.00
#D-14 $3,500.00 $2,450.00
#D-15 $3,500.00 $2,450.00
#D-16 $3,500.00 $2,450.00
#D-17 $3,500.00 $2,450.00
#D-18 $3,500.00 $2,450.00
#D-19 $3,500.00 $2,450.00
#D-20 $3,500.00 $2,450.00 CT Page 521
#D-21 $3,500.00 $2,450.00
#D-22 $3,500.00 $2,450.00
#D-23 $3,500.00 $3,500.00
#D-24 $3,500.00 $3,500.00
#D-25 $3,500.00 $3,500.00
#D-26 $18,620.00 $13,030.00
#D-27 $18,280.00 $12,800.00
#D-28 $18,280.00 $12,800.00
#D-29 $21,810.00 $15,270.00
#D-30 $18,280.00 $12,800.00
#D-31 $18,280.00 $12,800.00
#D-32 $18,280.00 $12,800.00
#D-33 $18,280.00 $12,800.00
#D-34 $18,280.00 $12,800.00
#D-35 $18,280.00 $12,800.00
#D-36 $24,270.00 $16,990.00
#D-37 $24,270.00 $16,990.00
#D-38 $24,270.00 $16,990.00
 #D-39 $24,270.00 $16,990.00 ----------- ----------- TOTALS $889,320.00 $625,740.00
Accordingly, as to the list of October 1, 1993, the plaintiff's appeal is sustained and the Assessor is directed to amend the assessment of the plaintiff's property to indicate a fair market value of $227,296.00 and an assessment of CT Page 522 $159,107.00.
As to the list of October 1, 1994, et seq., judgment is entered for the defendant, dismissing the plaintiff's appeal.
No costs are assessed to either party.
DANIEL F. SPALLONE JUDGE TRIAL REFEREE