[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
CORRECTED
MEMORANDUM OF DECISION
In this condemnation action, the court is asked to review the statement of compensation and to consider the fair market value and just compensation on the date of the taking. CT Page 10390
After a full hearing, all parties present and/or represented by counsel, the court, based upon the preponderance of the credible, relevant, reliable and legally admissible evidence, and the logical, rational and lawful inferences to be drawn therefrom, finds, determines and rules as follows:
The defendant, Rushford Center, Inc., the record owner who is aggrieved by the taking, is applying for a review of the statement of compensation in the amount of $2,000.00, filed by the plaintiff, City of Middletown, in regard to the taking of the premises as is more fully described in the appeal and application for review.
The court finds that the highest and best use of the premises, subject to this appeal, is, with proper zoning clearances, for charitable rehabilitation center purposes.
The defendants' expert, Charles Burr, utilizing the before and after rule, opined that the fair market value before the taking to be $314,000.00 and after the taking to be $284,200.00.
Plaintiffs' expert, Donald Mullane, determined that the value of the taken premises to be $3,100.00. He did not apply the before and after rule prior to testifying, but states that the result would be the same, $3,100.00.
In valuating property, the trial court is charged with the duty of making an independent valuation of the property involved. E F Realtyv. Commission of Transportation, 173 Conn. 247, 253, 377 A.2d 302
(1977). The trier is not limited to arbitrating the differing opinions of the witnesses but is to make determinations in the light of all the circumstances, the evidence, his general knowledge and his reviewing of the premises. Pandolphe's Auto Parts, Inc. v. Manchester, 181 Conn. 217,220, 435 A.2d 24 (1980); Birnbaum v. Ives, 163 Conn. 12, 21, 301 A.2d 262
(1972). The trier may accept or reject the testimony of an expert, offered by one party or the other, in whole or in part. Smith v. Smith,183 Conn. 121, 123, 438 A.2d 847 (1981); Richard v. A. Waldman Sons,Inc., 155 Conn. 343, 348, 232 A.2d 307 (1967); see also Pandolphe's AutoParts, Inc. v. Manchester, supra, 221. Ultimately the determination of the value of real estate is a matter of opinion, which eventually depends upon the considered judgment of the trial judge who takes into account the different opinions expressed by the various witnesses. Moss v. New HavenRedevelopment Agency, 146 Conn. 421, 425, 151 A.2d 693 (1959). A condemnee is entitled to receive a fair equivalent in money for the property interest taken by eminent domain, as near by as its nature will permit, Tandet v. Urban Redevelopment Commission, 179 Conn. 293, 298
CT Page 10391 (1979). The measure of damages is the fair market value of the property at the date of the taking. The highest and best use of the land is contemplated D'Addario v. Commissioner of Transportation, 180 Conn. 355,365 (1980).
The parties waived viewing of the premises.
Guided by the principals of law enunciated above, and applying them to the facts and circumstances in this case, the court finds the value of the premises subject to this condemnation action to be $15,000.00, predicated on a value of $310,000.00, before the taken, and $295,000.00 after the taking. The record indicates that $2,000.00 was paid into court with the certificate of taking.
Accordingly, judgment may enter for the defendant to recover of the plaintiff a total of $15,000.00, an appraisers fee of $1,400.00 plus legal interest and costs of suit.
DANIEL F. SPALLONE JUDGE TRIAL REFEREE