[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this condemnation action, the court is asked to review the statement of compensation and to consider the fair market value and just compensation on the date of the taking, September 7, 2001.
After a full hearing, all parties present and/or represented by counsel, the court, based upon the preponderance of the credible, relevant, reliable and legally admissible evidence, and the logical, rational and lawful inferences to be drawn therefrom, finds, determines and rules as follows:
The defendant, St. Sebastian's Roman Catholic Church Corporation, the record owner who is aggrieved by the taking, is applying for a review of the compensation in the amount of $35,000.00 filed by the plaintiff, Commissioner of Transportation, in regard to the taking involving the premises as is more fully described in the appeal and application for review.
The court finds that the highest and best use of the premises subject to this appeal is, as presently utilized, for cemetery purposes.
The measure of damages under the facts and circumstances of this matter is the value before the taking minus the value of the premises after the taking.
The defendants' expert, Norman R. Benedict, employing the before and after rule, testified that the value of the premises before the taking was $500,000 and the after value was $275,000. He testified that the damages amounted to $225,000.
The plaintiffs' expert, Ramesh Singhal, also utilizing the before and after rule, found that the before taking value at $1,200,000 and the after value to be $1,165,000, resulting in damages of $35,000. CT Page 15237
In valuating property, the trial court is charged with the duty of making an independent valuation of the property involved. E F Realty v.Commission of Transportation, 173 Conn. 247,253, 377 A.2d 302 (1977). The trier is not limited to arbitrating the differing opinions of the witnesses but is to make determinations in the light of all the circumstances, the evidence, and his general knowledge.Pandolphe's Auto Parts, Inc. v. Manchester, 181 Conn. 217, 220, 435, A.2d 24 (1980); Birnbaum v. Ives, 163 Conn. 12, 21, 301 A.2d 262 (1972). The trier may accept or reject the testimony of an expert, offered by one party or the other, in whole or in part. Smith v. Smith, 183 Conn. 121,123, 438, A.2d 847 (1981); Richard v. A. Waldman Sons, Inc.,155 Conn. 343, 348, 232 A.2d 307 (1967); see also Pandolphe's AutoParts, Inc. v. Manchester, supra, 221. Ultimately the determination of the value of real estate is a matter of opinion, which eventually depends upon the considered judgment of the trial judge who takes into account the different opinions expressed by the various witnesses. Moss v. New HavenRedevelopment Agency, 146 Conn. 421, 425, 151 A.2d 693 (1959).
Guided by the principles of law enunciated in the foregoing cases and applying them to the facts and circumstances in the case, the court finds the before value of the premises to be $1,000,070 and the after value to be $1,000,000; resulting in damages of $70,000.
Accordingly, judgment may enter for the defendant, St. Sebastian's Roman Catholic Church Corporation, to recover of the plaintiff, Commissioner of Transportation Corporation, the total sum of $70,000, plus legal interest and costs of suit.
 ___________________ DANIEL F. SPALLONE JUDGE TRIAL REFEREE
CT Page 15238